# Hodges *v.* Sublett.

*Action on Common Counts, for Work and Labor.*

1. *What constitutes contract.*—When a contract is not by law required to be in writing, the parties may verbally agree on all the terms, their mutual assent making a complete contract; in which case, a subsequent suggestion or agreement that the contract shall be reduced to writing, does not make the writing essential to the validity and completeness of the contract; but, if it is stipulated at the time of the negotiations between the parties that the contract shall be reduced to writing and signed, there is no complete contract until this is done.

2. *Express and implied contracts.*—In the negotiations between the parties for the performance of work by plaintiff, at the instance of defendants, for the use and benefit of an association of which defendants were members; if there was an express stipulation that the contract should not be binding until reduced to writing and signed, and this was never done, the fact that plaintiff went on and completed the work, with the knowledge of the defendants, and without objection on their part, would tend to show that there was a complete contract between the parties, though not reduced to writing, but would not authorize the implication of a promise to pay by defendants, against their express declarations made at the time.

APPEAL from the Circuit Court of Marshall.

Tried before the Hon. JOHN B. TALLY.

This is the second appeal in this case.—88 Ala. 491. The action was brought by W. M. Sublett, against J. W. Hodges and J. S. Bain, and was commenced on the 26th September, 1884. The complaint contained only the common counts, each claiming $193, alleged to be due by account from defendants to plaintiff in September, 1883, and a like sum for work and labor done, and for goods sold and delivered. The pleas were, the general issue, and payment. Bain died pending the suit, and it was revived against his administrator. On the second trial, as shown by the present record, the defendant requested thirteen charges, and duly excepted to the refusal of each; and the assignments of error in this court are founded on the refusal of these charges, with other matters which require no

⌊Hodges v. Sublett.⌋

notice. The points decided by this court can be understood without a statement of the charges in detail.

LUSK & BELL, BROWN & HALLIDAY, for appellant.

O. D. STREET, *contra.*

CLOPTON, J.—Whether there was a complete contract between appellee, who was the plaintiff in the Circuit Court, and Hodges and Bain, against whom the suit was originally brought, for the erection, for use as a masonic hall, of a second story on a church, which plaintiff and one Coleman were at the time engaged in building, is the material and controlling question in the case. This depends mainly upon the further question, whether it was meant and understood by the parties that the agreement should not be binding until it was reduced to writing and signed by them. It is an elementary principle, that the mutual assent of the parties to the same thing, and in the same sense, is an essential element of every contract. When the parties orally agree upon the terms of the contract, and there is a final assent thereto, so that no variation can be introduced into the writing except by mutual consent, the mere suggestion or intention to put it in writing at a subsequent time is not, of itself, sufficient to show that they did not mean the parol contract to be complete and binding without being put in writing. Parties may, however, agree verbally upon the terms of a contract, and yet stipulate that it is not to be binding until put in writing; in which case, such stipulation becomes an operative term of the contract, and unless reduced to writing, and signed by the parties, it does not constitute a complete and binding agreement.—3 Amer. & Eng. Encyc. of Law, 854, 856.

The evidence on the part of plaintiff tends to show, that Hodges and Bain jointly agreed to pay one hundred and thirty-three dollars for the building of a second story on the church, nine feet high, including windows, doors and weather-boarding; that after thus agreeing, as they were leaving, plaintiff remarked to them, that it was his habit to put all his contracts in writing, and they replied, send the contract over, and they would sign it; that the contract was written and sent over, but for some cause was not signed. If this version of the facts be correct, there was a completed parol contract, and the remark of plaintiff in regard to his habit of putting in writing all his contracts, and the reply of Hodges and Bain thereto, does not negative such contract; it was a mere intention expressed after final assent to the terms of the contract.

[Hodges v. Sublett.]

On the other hand, the evidence on the part of defendants tended to show that Hodges and Bain went to the place where plaintiff and Coleman were erecting a church, and had a conversation with them about the cost of a second story, nine feet high, with windows and doors and weather-boards; that plaintiff agreed to do the work for a certain price, but wishing to get aid from other members of the masonic fraternity, Hodges told plaintiff he would go around and see the masons, and get up a subscription, before he would have anything more to do with the building; that the price was agreed upon in case enough subscriptions were obtained; and just as Hodges and Bain were leaving, plaintiff said he would write out a contract, and send to them for their signatures, to which they responded, "all right, send it down;" and that no contract was made unless subscriptions could be obtained. If this version of the facts be correct, there was no completed contract, unless subscriptions were obtained, and the contract reduced to writing and signed by the parties. If, under these circumstances, plaintiff proceeded and did the work without the subscriptions being obtained, and without a written contract, he can not hold Hodges and Bain liable on an implied promise, because they may have known that the work was being done, and did not object. The fact that they did not object is a circumstance to be considered in determining whether or not there did exist a complete parol contract, without any stipulation as to its being put in writing, so as to constitute such stipulation a term of the contract; but does not authorize the implication of a promise against express declarations made at the time of the negotiations.

Applying these principles to the charges, the tenth, twelfth and thirteenth should have been given. The second, sixth and eleventh were calculated to mislead. The jury would probably have understood them as instructions that the remark of plaintiff to Hodges and Bain, and their reply, were of themselves sufficient to show a stipulation, as a term of the contract, that it should not be binding unless written and signed. Neither was there error in refusing the fifth charge. There was evidence tending to show that Hodges and Bain acquiesced in the work being done under a verbal contract. The first, third and fourth charges assert the proposition, that though Hodges and Bain may have jointly promised to pay for a certain portion of the work, and each or either of them separately promised to pay for certain extra work, plaintiff is not entitled to recover for the work for which they jointly promised to pay. In other words, the effect of the charges is, unless plaintiff establishes a right to recover the entire amount

claimed in the complaint, he can not recover a less amount, though he may show that Hodges and Bain are personally liable therefor. This is manifestly incorrect. The seventh, eighth and ninth charges are instructions upon the effect of the evidence, and, in view of the conflicting testimony, were properly refused.

Reversed and remanded.