## Kenan *v.* Lindsay.

*Action of Assumpsit.*

1. *Pleading and practice; appellant can not complain, on appeal, of rulings of trial court, when by subsequent action any prejudice thereby is removed.*—Where, after the plaintiff's demurrer to a special plea is overruled, the defendant withdraws said plea, on an appeal by the plaintiff, he can not be heard to question the rulings of the court adversely to him, on such plea, since its withdrawal left no room for him to complain on account of the overruling of his demurrer thereto; the withdrawal of the plea giving him all the benefit to be derived by the sustaining of the demurrer.

2. *Same; rulings of trial court not insisted upon in argument of counsel on appeal will be treated as waived.*—Where counsel for the appellant in his brief, does not insist upon certain assignments of error which are based upon the rulings of the trial court, such assignments of error will be treated as waived and will not be reviewed by the appellate court.

3. *Contracts; when completed.*—Where the parties to a contract mutually agree to all the terms thereof and leave no material element unexpressed, such contract immediately becomes binding and obligatory; and a subsequent statement made by one of the parties to ⌐he contract in reference thereto, which is not agreed or assented to by the other party, does not, in any way, destroy the binding effect of said contract.

[Kenan v. Lindsay.]

APPEAL from the Circuit Court of Geneva.

Tried before the Hon. JOHN P. HUBBARD.

This action was brought by the appellant, W. K. Kenan, against the appellee, Larkin Lindsay. The complaint contained four counts. The three first counts were the common counts for $400, as money due to plaintiff, and for money had and received by defendant for him. In the fourth, (count A.), the plaintiff claimed from defendant $400 for that, on or about the 3d day of May, 1898, one M. J. Kierce was indebted to plaintiff in the sum of $400; that said Kierce owned a lot of cattle in Geneva, which he sold to defendant, who then and there agreed to pay for them, and that, as a part of the purchase price of the cattle, the defendant at the time promised and agreed to pay the plaintiff the sum of $400, and for said promise and agreement, the plaintiff discharged said Kierce from all liability for said debt, and the same was thereby paid by said promise; that in pursuance of said contract of purchase of said cattle from said Kierce, for which the defendant agreed to pay to plaintiff the sum of $400, as a part of the purchase price for said cattle, he took possession of the cattle and sold them, but failed and refused to pay the said sum of $400.

To this complaint the defendant interposed several pleas. The 1st and 2d were the general issue, the 3d was a plea of the statute of limitations. It is unnecessary to set out in detail any of the other pleas except the 6th and 7th. The 6th set up in substance that at the time said agreement was entered into between said parties, it was further stipulated and agreed, that "if anything else should come against said cattle in the way of indebtedness or mortgages," the defendant would not be liable to the plaintiff for the said $400, and that it was agreed, if any other indebtedness came against said cattle, the defendant would not be liable to the plaintiff for said sum of $400; and defendant averred, that at the time, there were other claims against said cattle, to-wit, that R. Tillis held a mortgage upon six head of them for $80, against said Kierce, and he immediately brought his mortgage to defendant and demanded pay-

ment from him and defendant was forced to pay the same; that one John Fleming claimed also, $120 under an alleged "retain" title note, wherefore, he pleads he is not liable to pay the plaintiff.

The 7th set up, that at the time of the said sale referred to in said count, plaintiff and defendant did make an agreement, by which defendant should pay plaintiff the sum of $400 of the proceeds of the cattle sold, but said agreement was based upon the condition the said amount should not be paid to plaintiff if there were any liens or incumbrances upon the said property turned over to defendant, if the defendant had the same to pay, and that there was an incumbrance upon said cattle; that R. Tillis held a mortgage upon six head of said cattle which defendant was forced to pay.

The plaintiff demurred to pleas 6 and 7, each, on the same ground: that they fail to aver, that the plaintiff at the time of the agreement made any statement, or representation to the defendant that the cattle were unincumbered. These demurrers were severally overruled. Issue was then joined on pleas 1, 2, 3, 6 and 7.

After the introduction of all the evidence the defendant withdrew pleas numbered 3, A. and B. The facts of the case are sufficiently stated in the opinion.

Upon the introduction of all the evidence, the plaintiff requested the court to give to the jury among others, the following written charges, and separately excepted to the court's refusal to give each of them as asked: (1.) "If the jury believe the evidence, the jury should find for the plaintiff." (5.) "If the jury believe the evidence, the jury should find the issue in favor of the plaintiff upon the defendant's plea No. 6." (6.) "If the jury believe the evidence, the jury should find the issue in favor of the plaintiff upon defendant's plea No. 7."

There were verdict and judgment for the defendant. The plaintiff appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

P. N. HICKMAN, for appellant.

MULKEY & MULKEY, *contra,* cited *Cobb v. Malone,* 92 Ala. 630; *Loan Co. v. Deans,* 94 Ala. 377; *White v. Blair,* 95 Ala. 147; *Morris v. West,* 101 Ala. 534; *Kelly v. Estee,* 102 Ala. 325; *Bank of Com. v Eureka Co.,* 108 Ala. 99.

HARALSON, J.—1. The first three assignments of error relate to rulings of the court on pleas 3, A. and B. The judgment entry recites, that "after the evidence was concluded, the defendant withdrew pleas No. A. and B." The latter two of these pleas, are not copied in the transcript, and defendant waives discussion of the rulings of the court on them. After the defendant voluntarily withdrew plea No. 3, he thereby eliminated from the case any consideration of matters set up in it, as a defense to the action, and the plaintiff cannot be heard to question the rulings of the court adversely to him on this plea. Its withdrawal left no room for him to complain, as he undertakes here to do, of the overruling of his demurrer to, and his motion to strike said plea. The defendant by withdrawing the plea, accommodated him in all he undertook to do by his motion and demurrer to get rid of the defense there set up.

2. The court refused to strike pleas 6 and 7 to count A. of the complaint, and overruled the demurrers to them. These rulings are made the basis of assignments 4 and 5; but counsel does not in the brief filed, insist on these assignments, further than to say, he thinks the rulings of the court were wrong, which without more will be treated as a waiver of them.

3. The plaintiff's counsel risks his case upon the contention, that the court erred in refusing to give for him as requested the general charge, and upon the refusal to give his charges numbered 5 and 6 (assignments of error 7 and 8).

It is common learning, extracted from the books, that all express contracts resolve themselves into an offer by one of the parties and an acceptance by the other; that the act of acceptance closes the contract, and ordinarily nothing further is required to make the obligations effective; that the parties must understand alike; their contract must afford a complete expression of the meet-

ing of their minds, and leave no material element unexpressed, and that the agreement becomes obligatory from the moment the minds of the parties meet.—7 Am. & Eng. Encyc. Law (2d ed.), 125, 134, 138; *Hodges v. Sublett,* 91 Ala. 588; *Horst v. Moses,* 48 Ala. 140; *Sanford v. Howard,* 29 Ala. 684.

4. Plea number 6, admitting the contract as set up in the 4th count, avers that it was further stipulated, that if anything else should come against the cattle which the defendant purchased from Kierce, he would not be liable to the plaintiff for the $400 (the debt of Kierce to plaintiff which defendant, as alleged, assumed to pay to plaintiff as a part of the purchase price of the cattle) ; and he further avers, that there were other claims on the cattle, one to R. Tillis for $80, which he paid, and one to John Fleming for $120. As to this latter claim, it may be here stated, that there is no proof that it had existence or that defendant ever paid anything on it.

The 7th plea sets up, that the agreement was to pay the plaintiff the $400 out of the proceeds of the sale of the cattle, but upon conditions, that said sum should not be paid to plaintiff if there were any liens or incumbrances upon the property turned over to defendant, if he had any such liens to pay, and concludes by averring that R. Tillis had a mortgage on six head of the cattle, which defendant was forced to pay.

5. If the facts set up in the 6th plea as to the contract entered into are true, it is manifest the plaintiff would not be entitled to recover, any more, at any rate, than the balance of the $400, after deducting such claims as defendant, under their contract was forced to pay. If the facts set up in the 7th plea are true, it may be admitted, that plaintiff would be entitled to recover nothing on the contract, as the contract, in such case, would be executory, the very existence of which would depend on the contingency or condition.—7 Am. & Eng. Encyc. Law, 117, 118.

6. The plaintiff, and his witnesses, D. H. Morris and M. J. Kierce, agree as to the terms of the contract entered into between plaintiff, Kierce and defendant as

to the sale of the cattle; and by their evidence, nothing as to the terms of the agreement is left in indefiniteness or doubt. It was shown, that plaintiff had furnished Kierce $400 with which to buy the cattle, and he was to be paid that sum out of the proceeds of their sale; they were purchased,—some 40 or 50 of them in number,—and placed in plaintiff's lot; that Kierce owed defendant about $1,000, to collect which defendant sued out an attachment, and had it levied by the sheriff on the lot of cattle, and he took them in his charge; that on the morning of the 3d of May, 1898, the day after the levy, the plaintiff, defendant and Kierce met in plaintiff's office in Geneva, and Kierce sold the cattle to defendant, with the agreement, that they were to be delivered by the sheriff to defendant, who was to take and sell them, and out of the proceeds of the money arising from their sale, pay to plaintiff 400 in payment of the debt of Kierce to him, and to give Kierce credit for the balance on the debt he owned defendant; that such was the agreement between the three parties to the transaction in the presence of D. H. Morris who was called as a witness thereto; that the cattle were afterwards delivered by the sheriff to defendant, who drove them off and sold them, and the levy by the sheriff was discharged and so returned to court. The return on the writ was in these words: "I have on this, the 3rd of May, 1898, discharged the levy on the foregoing property by the direction of the plaintiff, the plaintiff having informed me that the case was settled. G. W. Black, sheriff." The plaintiff testified, that there was no condition such as set up in the plea; that the debt of Kierce to him was by the agreement satisfied and defendant owed him the same amount therefor. The evidence further tended to show, that after the agreement in plaintiff's office had been entered into, the parties walked out, and Kierce said: "Tillis has a mortgage on 8 of the cattle, and Fleming has a mortgage on some of them," when defendant replied, "if there are other claims against them, I will have no more to do with them," but afterwards, the defendant received the cattle from the sheriff and sold them; that they were worth $700 or $800, and defendant sold them, as he testified for $560.

[Kenan v. Lindsay.]

The defendant testified to substantially the same facts as deposed to by plaintiff and his witnesses, Kierce and Morris, as to the agreement of purchase and sale in plaintiff's office. There is no conflict in the substance of their evidence as to that agreement. He then states: "D. H. Morris was called in to witness the trade. Then, we all started out of the door, and just as we got out of the door, Kierce said, that R. Tills had a mortgage upon some of the cattle, and that John Fleming had a claim on some of them. I then said, 'Well, I will have no more to do with them.'" His evidence tended further to show, as did the plaintiff's, that without anything mo.e, the parties separated, and defendant went and examined the cattle, and afterwards, came to where plaintiff and the sheriff were standing at a pump in the town, and there had an interview with them,—unnecessary to burden the opinion with, further than to say that in nothing that occurred, was the original agreement of sale as perfected in the office of plaintiff, rescinded or modified in any particular, but that, defendant and the sheriff, as the result of the interview, retired to the lot of plaintiff where the cattle were and they were turned over to defendant. It is proper to state, further, that at this subsequent interview Kierce was not present, and knew nothing about it. Certainly, no rescission or modification of the contract of sale as made by him, could have been effected without him, even if plaintiff had consented thereto, which the evidence is lacking to show. The plaintiff's evidence, as well as that of defendant shows, that defendant before he sued out the attachment,—two or three days before the transaction of bargain and sale between him and Kierce and plaintiff,—was informed of Tillis' mortgage on some of the cattle.

It will thus appear, that the plaintiff was entitled to the general charge as requested by him, and also to his charges 5 and 6, which the court refused,

Reversed and remanded,