# Taylor *v.* Chattanooga Medicine Co.

### *Assumpsit.*

(Decided May 30, 1912.   59 South. 707.)

*Venue; Domicile; Resides; Statutory Provision.*—Section 6110, Code 1907, requires actions on contracts to be brought in the county in which defendant resides, if he has a permanent residence within the state, and where a person with part of his family resides in Winston county, owns a home there, votes and claims his home there, he resides there within the meaning of the word as used in said section, although he is engaged in business in another county, and he and his wife keep house there; hence, a party sued outside of the county of the permanent residence may by plea in abatement abate a suit brought on contract in another county, since the word "reside" may, under other circumstances, signify a temporary abiding place, but under the section above referred to. it means fixed and permanent home.

APPEAL from Colbert Circuit Court.

Heard before Hon. C. P. ALMON.

Assumpsit by the Chattanooga Medicine Company against J. F. Taylor. From a judgment holding defendant's plea in abatement for naught, he appeals. Reversed and remanded.

JACKSON & DELONEY, for appellant.   The court erred in overruling and holding for naught defendant's plea in abatement.—Section 6110, Code 1907; *Montgomery I. Wks. v. Eufaula O. & F. Co.,* 110 Ala. 395.

ALLEN J. ROULHAC, for appellee. No brief reached the Reporter.

WALKER, P. J.—To this action on contract, instituted in Colbert county, the defendant (the appellant here) pleaded in abatement that "he has a permanent residence in the county of Winston, Ala.; that he resides in said Winston county, in the state of Alabama." Issue was joined on this plea. All the evidence on that issue was embodied in an agreed statement of facts, which was as follows: "The defendant, A. F. Taylor, was at the time of the institution of this suit engaged in business in Sheffield, keeps house there, and with his wife remained in Sheffield several months. He retained his citizenship in Winston county, at Haleyville, owned a home there, and a part of his family lived there, voted in Winston county, and claimed his home there."

We are of the opinion that this evidence showed that the defendant had a permanent residence in Winston county, and that he resided there within the meaning of the provision of the statute (Code, § 6110) that "all actions of contract, except as may otherwise be provided, must be brought in the county in which the defendant, or one of the defendants, resides, if such defendant has within the state a permanent residence." The word "resides" may be used to signify where one temporarily abides. It may also be used to signify where he has a fixed and permanent home. It seems plain that it is in this latter sense that the word is used in the plea and in the statute. In both it is found in such a connection as to indicate the place at which the defendant has a permanent residence. The evidence showed that the defendant's legal residence or domicile was in Winston county, and that at the time of the institution of the suit he had not, within the meaning of

his plea or of the statute, become a resident of another county. In other words, the plea was sustained by the evidence.—*Allgood v. Williams,* 92 Ala. 551, 8 South. 722; *Powers v. Bryant's Adm'r.,* 7 Port. 9, 15; 7 Words and Phrases, 6151, 6165. It follows that the judgment should have been in favor of the defendant on his plea in abatement.

Reversed and remanded.