# Huntsville Grocery Co. *v.* Johnson.

## *Assumpsit.*

(Decided October 26, 1915.   69 South. 967.)

1. *Abatement and Revival; Plea; Time.*—Where the plea in abatement was filed before the filing of any plea going to the merits, and the matter therein set up was not otherwise waived or abandoned, it was within the discretion of the trial court to permit it to be filed after the time for filing had passed.

2. *Courts; Jurisdiction.*—Acts 1909, p. 15, must be construed with the general laws bearing upon the matter with which the act deals.

3. *Pleading; Jurisdiction; Contract.*—Under section 6110, a party sued on a contract outside of the county of his residence may abate such suit by proper plea in abatement.

4. *Courts; Jurisdiction.*—The jurisdiction of a court to try and determine personal causes of action depends not only upon the

[Huntsville Grocery Co. v. Johnson.]

presence of the parties in court, but upon the court's jurisdiction over the subject matter to be adjudicated.

5. *Venue; Cause of Action; Contract.*—Construing Acts 1909, p. 15, in connection with section 6110, Code 1907, as affecting a suit on notes brought in the circuit court at Guntersville, the county seat of Marshall county, the residence of defendant, where it appeared that defendant lived within the Albertville district and that the notes were taken by a traveling salesman for a concern doing business at Huntsville, made payable at Huntsville, it is held that the statute merely conferred a personal privilege, that a "cause of action" must arise from the occurrence of a certain fact or facts, the term signifying the situation of a state of facts entitling one to maintain an action, and that the cause of action arose and was to be performed at Huntsville and hence, that defendant was not suable in the Albertville district of the circuit court.

APPEAL from Marshall Circuit Court.

Heard before Hon. W. W. HARALSON.

Assumpsit by the Huntsville Grocery Company against F. M. Johnson. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

The complaint was filed February 16, 1915, and service perfected February 18, 1915. The defendant's plea was filed April 12, 1915, and is as follows: Comes the defendant, and for answer to the complaint filed in this cause says that the cause of action in this case arose in the Albertville district, and that defendant resides in the Albertville district; that this court is without jurisdiction to try this cause because the cause of action arose in the Albertville district, and defendant resides in the Albertville district. The summons and complaint required defendant to answer at Guntersville in said county.

JOHN A. LUSK & SON, for appellant.

WILLIAM C. RAYBURN, for appellee.

PELHAM, P. J.—(1) Two assignments of error are made on the record. The first relates to the action of

the court in overruling the plaintiff's (appellant's) motion to strike defendant's (appellee's) plea in abatement because not filed within the time for filing such pleas. The plea was filed first in the order of pleading, before pleading to the merits, and, the matter set up in the plea not having been otherwise waived or abandoned, it was within the discretion of the trial court to allow the plea to be filed after the time for filing had passed. See 5 Mayf. Dig. 2, § 16, and authorities there cited; *St. L. & S. F. R. R. Co. v. Sutton,* 169 Ala. 389, 55 South. 989, Ann. Cas. 1912B, 366; *Reed Lumber Co. v. Lewis,* 94 Ala. 626, 10 South. 333; *Dupuy v. Wright,* 7 Ala. App. 238, 60 South. 997; *Mangrall v. State,* 1 Ala. App. 189, 55 South. 446; *Wright v. State,* 3 Ala. App. 24, 58 South. 68.

(2) The second assignment of error is that the court was in error in giving the general charge for the defendant on the issues tendered under his plea in abatement. Suit was brought in the circuit court at Guntersville, the county site of Marshall county, the residence of the defendant, on two promissory notes, and the defendant set up in his plea of abatement, denying the jurisdiction of the court to try the cause of action, that he was a resident of that certain territory embraced in certain designated beats of Marshall county that are referred to by counsel, and will, for convenience, be designated, as "the Albertville district," and that the cause of action arose within that territory. This plea in abatement to the jurisdiction is grounded on an act of the Legislature passed at the special session of 1909, providing for holding terms of the circuit court at Albertville in Marshall county, and giving that court original jurisdiction to try and determine all civil and criminal causes of action arising within the territory embraced in

"the Albertville district."—Act approved Aug. 18, 1909 (Acts 1909, p. 15, § 2).

This act must be taken and construed in conjunction with the general laws bearing upon the matters with which it deals.—*Griffin v. Karter*, 116 Ala. 160, 22 South. 484.

(3) Section 6110 of the Code requires actions on contracts to be brought in the county in which the defendant resides, and a party sued outside of the county of his residence may, by plea in abatement, abate a suit brought on contract in another county.—*Taylor v. Chattanooga Medicine Co.*, 5 Ala. App. 419, 59 South. 707. The act of August 18, 1909, establishing a branch of the circuit court for Marshall county to be held at Albertville, gives to that court original jurisdiction over actions against residents of the county living within the designated territory only when the cause of action arose within that territorial subdivision of the county.

(4) The jurisdiction of a court to try and determine personal causes of action depends, aside from the presence of the parties in court, upon the court's having jurisdiction over the subject-matter to be adjudged.— *Woolf v. McGaugh*, 175 Ala. 299, 57 South. 754.

(5) The language of the statute fixing the venue of actions at law in the circuit court to be held at Albertville limits them to such actions as arise within "the Albertville district." The court had general jurisdiction over the subject-matter of the action brought, and the statute, fixing the venue in the Albertville court, when the cause of action arose within "the Albertville district," merely conferred a personal privilege to have the suit brought there, that was subject to waiver.—22 Enc. Pl. & Pr. 789, 815, 816.

Issue was joined on the defendant's plea in abatement, alleging that the cause of action arose within the limits of the territorial subdivision of the county known as "the Albertville district," where the defendant lived. The evidence on the issue was without conflict, and showed that the defendant lived within the designated district, and that the notes sued upon were signed there; that the notes were taken by a traveling salesman for the Huntsville Grocery Company, a concern doing a wholesale grocery business in Huntsville, Ala., for goods purchased from the Huntsville Company, and were accepted by the grocery company in Huntsville. The notes were payable to the order of the company at the Henderson National Bank at Huntsville, Ala., and were past due when suit was brought.

Under the evidence adduced in support of the defendant's plea in abatement, the cause of action is not shown to be one that arose in "the Albertville district," over which the circuit court sitting at Albertville had original jurisdiction conferred upon it to try and determine. The fact, or combination of facts, which gave rise to the right of action and constituted the cause of action did not arise in the Albertville district, but in Huntsville, Ala. It was there the contract between the parties was made, for the making a contract is where it first becomes a binding engagement, where the minds of the parties meet. It was in Huntsville that the contract was ratified and consummated between the parties and became a binding obligation. Under the evidence in this case, the contract entered into resolved itself into an offer by one of the parties to buy goods on time and on acceptance by the other party. The act of acceptance closing the contract took place in Huntsville. It was

upon acceptance that the obligation became effective. —*Kenan v. Lindsay,* 127 Ala. 270, 28 South. 570.

It was also in Huntsville that the contract was to be performed, and it was there the breach occurred. The cause of action must arise from the occurrence of a certain fact, or facts. The term "cause of action" signifies the situation or state of facts entitling one to sustain an action (*Ritter v. Hoy,* 1 Ala. App. 643, 55 South. 1034), and it is only necessary, in arriving at a conclusion as to where, or at what place, the cause of action arose, to ascertain where that fact, or those facts, occurred. We can but conclude, on the evidence before us in this case, that the cause of action arose where the notes by their terms were payable and default in· payment made. And for that matter, both elements that can be regarded as entering into the question of venue are found to have taken place, or to exist, in the instant case, as occurring at the one place of Huntsville, Ala., the contract having been finally consummated there and the breach taking place there. Yet it is not ordinarily necessary, in determining the situs of the cause of action for the purpose of arriving at the venue of an action the gist of which is for the breach of a contract, to ascertain the locus of the execution of the contract, for generally the right of the plaintiff depends on where the wrongful act or omission of the defendant occurs, as it is the breach that causes an accrual of the cause of action, and the entire cause in such cases arises where the breach takes place, which is the gist of the action, and necessary to be declared upon and proved to support a recovery.—*Fike v. Stratton,* 174 Ala. 541, 56 South. 929. However, as said, in this case, there can be no question of the complete accrual of the cause of action in Huntsville, Ala., when both factors entering

into consideration in determining where the cause of action arose are shown to have occurred there. The following authorities will be found to support the views we have expressed: *Hibernia Nat. Bank v. Lacombe,* 84 N. Y. 367, 38 Am. Rep. 518; *Reeves v. Railway Co.,* 121 Ga. 561, 49 S. E. 674, 70 L. R. A. 513, and note citing cases on page 545, 2 Ann. Cas. 207; 40 Cyc. 81-83, and cases collected and cited in notes on those pages; 22 Am. & Eng. Ency. of Pl. & Pr. 790-792, and cases there collated in footnotes.

It follows that it is our conclusion that the court below was in error in giving the general charge for the defendant on the issues before the court.

Reversed and remanded.