## Sturdivant *v.* Mt. Dixie S. L. & I. Co., *et al.*

### Detinue.

(Decided July 6, 1916. 72 South. 502.)

1. **Sales; Contract; Offer and Acceptance.**—Where the buyer signs a proposed contract and delivers it to an agent of the seller to be submitted to the seller for his approval, it does not become a binding contract until the seller approves the same as submitted, or approves it conditionally, and the condition is in turn approved by the buyer.

2. **Same.**—The acceptance or approval by the seller of a buyer's proposed contract is sufficiently signified by the shipment by the seller of the goods to the buyer without notice of the seller's approval of the contract, and no fur-

[Sturdivant v. Mt. Dixie S. L. & I. Co., et al.]

ther notification by the seller of his acceptance is necessary to complete the contract.

3. **Contract; Offer; Acceptance; Effect.**—An act of acceptance closes the contract, and ordinarily nothing further is required to make the obligation effective.

4. **Sales; Contract; Acceptance; Variance.**—Where a seller does not accept a buyer's proposal, but adds to the contract a further clause, the seller thereby makes a counter offer which must be approved by the buyer before it becomes a contract, irrespective of whether or not the proposed contract was signed by the buyer before being sent to the seller.

APPEAL from Shelby County Court.

Heard before Hon. E. S. LYMAN.

Detinue by W. H. Sturdivant against the Mt. Dixie Sanitarium, Land & Investment Company and others. Judgment for defendants, and plaintiff appeals. Reversed and remanded.

The suit was for certain electric power plant fixtures sold by the Southern Wesco Supply Company, the name of which company was later changed to the Turner Electric Supply Company, the contract and notes concerning the sale of the same being afterwards transferred and delivered to W. H. Sturdivant, who had indorsed the notes of the purchaser and had to pay them. The contention as to the contract sufficiently appears. Charge 9 given for defendant is as follows: The court charges the jury that if you believe from the evidence that the contract introduced in evidence by plaintiff was changed after the signatures of Chandler, Thompkins and Williams was attached to the same by adding the clause retaining the title of the article sued for in this case, and this change was made without the consent of all the parties signing the same, then plaintiff cannot recover in this case, and your verdict should be for defendant.

•

PINKNEY SCOTT, for appellant. HAYNES & WALLACE, for appellee.

GARDNER, J.—This suit grows out of the sale of certain machinery and fixtures by the Southern Wesco Supply Company to Mt. Dixie Sanitarium, Land & Investment Company. The contract had inserted therein a clause retaining the title to all material sold until paid for in full. The concluding paragraph of the contract reads as follows: "The foregoing contract is subject to approval of an executive officer of the party of the first part. It shall not be binding upon the party of the first part

until so approved, and if this proposal or contract is not ratified by party of the first part within five days then this proposal of the party of the second part and this contract shall be null and void."

The contention of the appellee in this case, it seems, is, that the contract by which the title to the property sued for was retained, and under which plaintiff claims, was signed by it at Columbiana, and at that time did not contain the clause whereby the seller retained the title to the property and by which clause the plaintiff claims title in this case, but that same was delivered to an agent of the seller to be submitted to the seller for its approval; that after it reached the seller, the words retaining the title in the seller were then and there inserted by the seller. The seller denies that it was signed by the appellee before the paper came to it, and claims that when the words were added it had not been signed by the buyer, appellee. The court charged the jury that if the words retaining title were added after the appellee signed the contract, plaintiff could not recover. The principles of law which apply to the controversy are not so much those which pertain to the alteration of instruments and a ratification of the same, but rather those which pertain to the execution of contracts.

(1) If, as appellee contends, the appellee signed the proposed contract, and delivered it to an agent of the seller to be submitted to the seller for its approval, it did not become a binding contract unless the seller approved the same in the terms submitted, or approved it conditionally, which condition was submitted to and approved by the buyer. It then became a contract as finally approved by the buyer.

(2) Appellee contends that it received no notice of approval or disapproval by the seller, but that without such notice the property described in the contract was shipped to the buyer. If so, the buyer had the right to consider that as an acceptance of the proposed contract, or an approval of the same in the terms as submitted.

"Where the offer is to do something, if the offeree will not merely promise to do, but do something, compliance with the condition of the offer, by doing the act, in the way prescribed is ordinarily sufficient evidence of the acceptor's assent, and it is not necessary to show that he notified the offerer that he accepted the offer, and would perform the condition."—9 Cyc. 270.

(3) It is elementary that: "All express contracts resolve themselves into an offer by one of the parties and an acceptance by the other; that the act of acceptance closes the contract, and ordinarily nothing further is required to make the obligations effective."—*Kenan v. Lindsay,* 127 Ala. 273, 28 South. 572.

If appellee submitted a proposal to the seller for approval and if the seller shipped the goods called for without notice to the buyer of approval or disapproval, it would, in law, amount to an acceptance of the proposal in the terms submitted.

(4) But there is evidence that the seller did not accept the contract as proposed, but instead, in effect, made a counter proposal to the buyer, by adding in the contract a clause by which the title to the property was reserved in the seller. By the seller making this addition in the proposed contract, it became an offer from the seller to the buyer, and to be approved by the buyer before it became a contract. And this is obviously true, whether the offer or proposed contract was signed by the buyer before going to the seller or not. For it could not become a contract, as proposed by the seller, until it had been approved and accepted by the buyer in the condition which the seller was then offering it.

"Where one offers to do a definite thing and another accepts conditionally or introduces a new term into the contract, his answer is either a mere expression of willingness to treat or it is a counter proposal, and in neither case is there an agreement."— 9 Cyc. 267.

The true issues of fact, therefore, as developed by the evidence which should be submitted to the jury, were as follows: Did the appellee execute the contract after the title clause was put into it? If so, it would not be necessary to go further. Did the appellee execute said contract before said clause was inserted? If so, the result depends upon subsequent events: (a) Did the seller ship the goods, without notifying the buyer of such proposed change in the contract, and were they so received and retained, without such notice; or (b) did the seller notify the buyer of the change, and did the buyer approve the contract so changed, either expressly or impliedly?

There is evidence upon those issues from which different conclusions may be drawn, and which, therefore, should have been submitted to the jury.

[Broughton v. Walker.]

There is evidence that the seller, after making the addition of the title clause, delivered both duplicates to an officer of the appellee, and afterwards received one back through the mail, and that still later a duplicate of the contract, with the title clause therein, was in the possession, in the office files and papers, of the appellee buyer, and that thereafter partial payments, renewals, and extensions were made. If this evidence is to be believed, it amounts to proof of an approval of the contract with the title clause, unless there is other evidence submitted which would relieve the buyer of such presumption.

It clearly appears that these principles were not given effect on the trial of the cause. As an illustration, this is disclosed by the giving of charge 9 at defendant's request. But we need not treat the several assignments of error.

The judgment of the court below is reversed, and the cause is remanded.

Reversed and remanded.

McCLELLAN, SOMERVILLE, and THOMAS, JJ., concur.