(96 South. 236)

## COUNTY BOARD OF EDUCATION OF JEFFERSON COUNTY v. CEMENT PRODUCTS CO.   (6 Div. 844.)

(Supreme Court of Alabama.   April 26, 1923.)

1. Sales ⚖═23(3)—Written bid need not be signed by both parties; signature by one and acceptance of delivery by other sufficient.

A written bid or proposal need not be signed by both parties; signature by one and acceptance by the other, followed by shipment, delivery and acceptance of the articles sold, being sufficient to constitute a binding executed contract.

2. Evidence ⚖═16—Judicial knowledge of meaning of "f. o. b."

The court judicially knows that "f. o. b.," in contracts for the sale of property to be transported, means placed on board the cars at a certain place named in the contract.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, F. O. B.]

3. Schools and school districts ⚖═80(2)—Accepted bid held binding on board of education notwithstanding letter advising bidder that certain articles were not included in contract let.

The terms of an accepted bid for a contract to furnish closet outfits and drain tiles at stipulated prices to a county board of education *held* binding on the latter, notwithstanding its architect's letter advising the bidder that he had neglected to have the board include the drains in the contract awarded, but that he wanted them shipped, and would have the board award the contract therefor, at the stipulated rate, at its next meeting.

Appeal from Circuit Court, Jefferson County; Romaine Boyd, Judge.

Action on the common counts by the Cement Products Company against the County Board of Education of Jefferson County. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

The basis of the suit is a verified account, showing a balance due and unpaid. This balance due and sued for, according to the evidence, is the amount of freight charges on shipments prepaid by the plaintiff.

The plaintiff submitted to the defendant the following "bid":

"Cement Products Company, Wilmington, N. C.

"Quotation.

"Prices.—All prices as given below are f. o. b. Wilmington, N. C., unless otherwise noted.

"This quotation is for acceptance within ten days, and prices are subject to change without further notice.

"Terms.—The following prices are subject to a discount of two per cent. for payment within 10 days of invoice, or net for 30 days cash, unless otherwise specified.

"Shipment.—All promises of shipment are made contingent upon delays due to fires, strikes, accidents, or other causes beyond our control.

"Birmingham, Ala., Apr. 9th, 1920.
"To D. O. Whilldin, Arch't Board of Education, Jefferson County, Birmingham, Ala.

"In reply to your inquiry of Apr. 9th, 1920, we are pleased to quote as follows:

| No. Required. | Description. | Weight. | Price. |
|---|---|---|---|

Copy.

16 No. 6 Sanisep closet outfits, complete
  with fittings, and vent stacks, $136.00 each $2,176 00
    Less 20% ................................   544 00
                                             $1,632 00
60' 3" drain tile for each set, $3.60x16........    57 60
Outfits to be crated and shipped separately
  as you direct.
    Total ....................................  $1,689 60

"Shipment can be made or order 15 days after receipt.

"Cement Products Company,
"By W. M. Kitchen."

The bid was accepted, and D. O. Whilldin, architect of the defendant, communicated with plaintiff's manager as follows:

─────────

"April 27th, 1920.

"Mr. W. M. Kitchen, 31 Peach Tree Arcade, Atlanta, Ga.—Dear Sir: Wish to say that the board of education of Jefferson county awarded your company the contract for 16 (sixteen) No. 6 Sanisep outfits, to be delivered at points directed. This contract was awarded to you at $102.00 each. I would say that I neglected to have the board include the sixty feet of tile drain for each set, but want you to ship the sixty feet with each outfit. I will have the board award the contract at the rate of $3.60 each, at its next meeting.

"We would like to have shipped immediately twelve of these tanks to the following places: 6 to Bessemer, Alabama; 2 to Morris, Alabama; 2 to Warrior, Alabama; 2 to Woodlawn Station, Birmingham, Alabama. Will let you know the routing on the other four, in a day or two.

"Please quote me, by return mail, on two outfits of two sets each, and please include the pipe in the price. I am,

"Yours very truly,
"[Signed] D. O. Whilldin."

There was judgment for the plaintiff, and from that judgment defendant prosecutes this appeal.

Weatherly, Birch & Hickman, of Birmingham, for appellant.

Where one makes an offer with certain terms on condition, and accepts an acceptance which is not responsive to the proposal, he is bound by the contract thus made and cannot fall back on his proposal. 9 Cyc. 269; Hart v. Bray Bros., 50 Ala. 446; Sanford v. Harvard, 29 Ala. 684, 68 Am. Dec. 101; Kenan v. Lindsay, 127 Ala. 270, 28 South. 570; Hodges v. Sublett, 91 Ala. 588, 8 South. 800; Iron Works v. Douglas, 49 Ark. 355, 5 S. W. 585. The appellant could not be bound, except upon a contract made in strict compliance with the statute. Board of Education v. Watts, 95 South. 498.

Ritter, Wynn & Carmichael, of Birmingham, for appellee.

Where a proposal is made in writing, and is accepted either verbally or by acting on it, the contract is a written one. In order to constitute a written contract, it is not necessary, that both parties sign the same. 9 Cyc. 300; Kenan v. Lindsay, 127 Ala. 270, 28 South. 570; W. & C. R. Co. v. Locket, 7 Ala. 772; Cassells' Mill v. Strater Bros., 166 Ala. 274, 51 South. 969. The written contract provided for delivery f. o. b. Wilmington, N. C., and for prices f. o. b. that place. 35 Cyc. 174; Capehart v. Furman Farm Imp. Co., 103 Ala. 671, 16 South. 627, 49 Am. St. Rep. 60; Sheffield Fur. Co. v. Hull 'Coal & Coke Co., 101 Ala. 446, 14 South. 672.

THOMAS, J. In Kenan v. Lindsay, 127 Ala. 270, 272, 273, 28 South. 570, 572, this court said:

"It is common learning, extracted from the books, that all express contracts resolve themselves into an offer by one of the parties and an acceptance by the other; that the act of acceptance closes the contract, and ordinarily nothing further is required to make the obligations effective; that the parties must understand alike; their contract must afford a complete expression of the meeting of their minds, and leave no material element unexpressed; and that the agreement becomes obligatory from the moment the minds of the parties meet. 7 Am. & Eng. Encyc. Law (2d Ed.) 125, 134, 138; Hodges v. Sublett, 91 Ala. 588; Horst v. Moses, 48 Ala. 140; Sanford v. Howard, 29 Ala. 684."

See Sturdivant v. Mt. Dixie S. L. & I. Co., 197 Ala. 280, 72 South. 502; Huntsville Gro. Co. v. Johnson, 13 Ala. App. 488, 69 South. 967.

[1] It was not necessary that a written "bid" or proposal (as that by the Cement Products Company) be signed by both parties to be bound. The signature of the one, the acceptance of the bid by the other, followed by shipment and delivery of the articles and their acceptance, will constitute the binding executed contract. Wetumpka & Coosa R. R. Co. v. Hill, 7 Ala. 772; Cassells' Mill v. Strater Bros. Grain Co., 166 Ala. 274, 284, 51 South. 969.

[2] The written "bid" or contract "accepted" by the defendant provided for the delivery f. o. b. Wilmington, N. C., for the price of $102. The court judicially knows that "f. o. b." in contracts of sale, where the property sold is to be transported, means placed on board the cars at a certain place named in the contract. The evidence convinces us that the place of such delivery of the property in question was Wilmington, N. C. Sheffield Furnace Co. v. Hull, 101 Ala. 446, 14 South. 672; Capehart v. Freeman Farm. Imp. Co., 103 Ala. 671, 16 South. 627, 49 Am. St. Rep. 60.

[3] The letter of date of April 27, 1920, to Kitchens, was not sufficient to overturn the acceptance by the county board of education of the written "bid" or proposal of the Cement Products Company for the "tank outfits" in question, as it was according to the terms outlined in the Cement Products Company's said written "bid" of date of April 22, 1920, which was before the county board of education, or was available for their inspection, that favorable action was taken thereon.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.