153 So. 293

**MEADOW RIVER LUMBER CO. v. BLACK.**

3 Div. 88.

Supreme Court of Alabama.

Jan. 11, 1934.

Rehearing Denied March 15, 1934.

· Ball & Ball, of Montgomery, for petitioner.

Rushton, Crenshaw & Rushton, of Montgomery, for respondent.

Brief did not reach the Reporter.

BOULDIN, Justice.

As we understand the opinion of the Court of Appeals, it sets out the contract, the written order, its confirmation, and its acceptance, and also parol evidence of the circumstances in aid of a construction of the contract. It does not appear, however, that these alone were looked to in announcing the court's construction of the contract, but that the court also considered "the facts of this case" in connection with common knowledge.

Says the Court of Appeals (153 So. 290): "There can be no doubt from the evidence in this record that the defendant intended to buy hickory lumber, of the specified dimensions, practically free from that which from age and the nature of the tree was dark. Did the plaintiff by the acceptance of the written order intend to sell just that?"

Then follows the announcement, in effect, that "practically free from heart" meant practically free from the red or dark wood inside the white or sap.

We would not be understood as approving this as the proper construction of the contract as matter of law; especially the holding that the seller so understood and intended.

The terminology of the particular trade or business is a proper matter of evidence, and common knowledge cannot usually be extended into such fields. If doubt exists as to such terms, their meaning becomes a question for the jury in the particular case.

It appears in the outset the buyer was seeking white hickory. The seller was handling log-run hickory lumber. Could one-inch hickory boards, averaging eight inches in width, be log-run and also practically free from dark wood inside the sap?

We would not commit us to such proposition under the facts disclosed in the opinion of the Court of Appeals.

Some evidence so disclosed tends to support an inference that these parties never reached a meeting of minds on what was being bought and sold.

The order and confirming letter specified that the lumber be "practically free from heart." In entering the order this clause was stricken out by the seller, and the buyer requested to advise if this was not correct.

The jury might infer from the entire transaction that this was purposely done.

The Court of Appeals properly holds that the order could not be thus modified.

If the buyer intended to exclude red hickory, and the seller had reason to believe the clause "practically free from heart" was so intended, he could not make a new contract by telling the buyer to notify him, if the order

as entered was not correct. He should not have shipped the lumber unless and until his new proposition was accepted by the buyer. Sturdivant v. Mt. Dixie S. L. & I. Co. et al., 197 Ala. 280, 72 So. 502.

■ While not approving the opinion of the Court of Appeals in respects mentioned, the opinion concludes with an announcement that the kind and character of lumber contracted for "was a question for the jury and was properly left to them."

This holding, so far as appears, was correct, and this leads to a denial of the writ of certiorari.

Writ denied.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.