(93 South. 59)

### LEE v. STATE.   (7 Div. 796.)

(Court of Appeals of Alabama.   June 13, 1922.)

1. Criminal law ⬅878(3)—Conviction under one count operates as acquittal under other count.

Conviction under one count only of an indictment containing two counts operates as an acquittal under other count.

2. Intoxicating liquors ⬅216—Enough for indictment to charge making of beverage part of which was alcohol.

It is enough for indictment to charge the making of a beverage part of which was alcohol; Acts 1919, p. 6, declaring liquor for beverage purposes containing "any" alcohol to be an alcoholic liquor.

3. Intoxicating liquors ⬅236(4)—Mere presence during making not evidence of guilt.

Mere presence of one where whisky is being made is not evidence of guilt of making, but only of opportunity.

4. Criminal law ⬅753(1)—Affirmative charge properly refused, in case of any evidence against party.

The affirmative charge is properly refused, where there is any evidence tending to make a case against the party asking it.

5. Criminal law ⬅759(1) — Requested charge to adopt construction consistent with innocence invasive of jury's province.

Requested charge that it is rule of law that, if there be two constructions which can be given to facts proven, it is the jury's duty to give that which is favorable, rather than that which is unfavorable, to defendant, is invasive of the province of the jury.

Appeal from Circuit Court, Cherokee County; O. A. Steele, Judge.

Jerry Lee was convicted of violating the prohibition law, and he appeals. Affirmed.

The following charge was refused to defendant:

(4) It is a well-settled rule of law that, if there be two reasonable constructions which can be given to facts proven, one favorable and the other unfavorable to a party charged with crime, it is the duty of the jury to give that which is favorable, rather than that which is unfavorable, to the accused party.

Hugh Reed and R. F. Conner, both of Center, for appellant.

The demurrers to count 1 should have been sustained. 55 Ala. 64. The defendant was entitled to a directed verdict. Ante, p. 245, 90 South. 277.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

BRICKEN, P. J. The indictment preferred against this defendant and presented by the grand jury in open court contained two counts. Count 1 charged, omitting the formal parts, that he distilled, made or manufactured alcoholic, spirituous, malted, or mixed liquors or beverages, a part of which was alcohol.

[1] As the verdict was directed to count 1, there appears no necessity of setting out count 2 of the indictment, nor of discussing

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

1 207 Ala. 585.

such questions as relate solely to the second count, as the verdict of the jury operated as an acquittal of this defendant under that count.

[2] Demurrers were overruled to the first count of the indictment, and in this ruling there was no error. The act approved January 25, 1919 (Acts 1919, p. 6), provides, among other things, in section 1 thereof, that any liquor, drink, or liquid made or used for beverage purposes, containing *any* alcohol, shall be deemed an alcoholic liquor, etc. The principal ground of demurrer raises the question thus answered by the act, supra.

[3] As insisted upon by appellant's counsel, there is no rule or presumption of law which makes the mere presence of a person indicted (at a time and place where whisky is being made) evidence of his guilt. The same rule of evidence must obtain in prosecutions of this character as in all other criminal prosecutions, and, as insisted, there is no rule of law or presumption that because of the mere presence of the accused at a time and place where crime is being committed he is guilty of the commission of the offense. Such a rule has never been and should never be invoked in any criminal prosecution, for a person ever so innocent may by force of circumstances be present and witness the commission of the most heinous of crimes, and it would be an unsafe rule, unsound in principle, and repugnant to human justice and right, to say that by his mere presence he is presumed to be the perpetrator of or connected with the commission of the offense.

[4] In the instant case, however, we are unable to agree with the insistence that there is an entire absence of testimony tending to show the guilt of defendant as charged in count 1 of the indictment. In the first place, there is no denial that the defendant was present, with several others, at the still at the time whisky was running out of the still. As before stated, this fact of itself would not be sufficient upon which to base a verdict of guilt under the established rules of evidence; but this testimony does perforce establish a material fact, which is the *opportunity* of defendant to commit the offense complained of. The tendency of the state's evidence here, however, is not confined to this proposition. It extends further, and tends to show by the testimony of state's witnesses A. D. Walker and Hugh Walker, and also by state witness Robertson, facts and circumstances of such incriminating nature, which, if believed by the jury, would authorize them to bring in the verdict of guilt returned in this case. In our opinion this record shows ample evidence upon which to sustain the verdict and the judgment rendered. This being true, the affirmative charge requested by defendant was properly refused, as the general charge should never be given, whenever there is any evidence tending to make a case against the party who asks it. Pellum v. State, 89 Ala. 28, 8 South. 83. The evidence here was in conflict, and the court properly submitted the disputed questions of fact to the jury for its determination.

[5] Charge 4 was properly refused. This charge was invasive of the province of the jury. While it is true, if there are two theories of the case, one consistent with the guilt of the defendant, and the other equally consistent with his innocence, and both supported by the evidence in the case, justice and humanity alike would seem to demand that the jury should adopt the theory consistent with the innocence of the defendant, yet this is for the determination of the jury, and the court is without authority to instruct them which theory they shall adopt, for if there is evidence tending to show the guilt of the defendant, and also evidence tending to exculpate him, it is for the jury to determine from all the evidence whether they are legally satisfied of the defendant's guilt, and not for the court to instruct them what part of the evidence they shall credit and what conviction such evidence shall produce upon their minds, or which theory they shall adopt. Fonville v. State, 91 Ala. 39, 8 South. 688; Harrell v. State, 166 Ala. 14, 52 South. 345.

No error appears on the record. The rulings of the court are free from error; therefore the judgment appealed from must be affirmed.

Affirmed.