**EDWARDS v. STATE.** (4 Div. 746.)

(Court of Appeals of Alabama. Feb. 6, 1923. Rehearing Denied March 6, 1923.)

**1. Criminal law ☞753(1)—Where refusal of affirmative charge proper stated.**

The affirmative or general charge should not be given, when there is any evidence, however weak and inconclusive, tending to make a case against the party asking it.

**2. Intoxicating liquors ☞238(1)—Affirmative charge on prosecution for manufacturing, and having still, properly denied.**

The undisputed fact of finding on defendant's immediate premises of a still, beer, and whisky, coupled with his explanation thereof, held, on prosecution for manufacturing, and possession of a still for purpose of manufacturing intoxicating liquors, to make a question for the jury rather than the court, so that refusal of affirmative charge was proper.

Appeal from Circuit Court, Barbour County; J. S. Williams, Judge.

John Edwards was convicted of possessing a still, and he appeals. Affirmed.

McDowell & McDowell, of Eufaula, for appellant.

Counsel insist that the general charge should have been given for defendant, citing 16 Ala. App. 522, 79 South. 621; 94 South. 134; 92 South. 94.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

There was conflict in the evidence, and the trial court was justified in refusing the affirmative charge, requested by defendant. 18 Ala. App. 494, 93 South. 331.

BRICKEN, P. J. The refusal of the affirmative charge requested by defendant as to both counts of the indictment is the only question presented for review.

Count 1 of the indictment charged that he did distill, make, or manufacture alcoholic or spirituous liquors, etc.; and count 2 charged him with the possession of a still to be used for the purpose of manufacturing such liquors. The undisputed testimony discloses that the searching officers found a still and about three barrels of beer in the defendant's smokehouse. "The smokehouse was right back of the house where the defendant lived." And in the defendant's dwelling house they also found a jug of whisky in a trunk. The still and whisky were found by the officers within the time covered by the indictment, and no question relative to the venue is involved.

The defendant testified in his own behalf and denied all knowedge of the still being in the smokehouse, and of the whisky which was found in the trunk in his dwelling house. He stated that he did not own or possess the still or the whisky and that he had made no whisky. He contended that the three barrels of beer was hog food, and was kept for that purpose. He also testified that the jug of whisky belonged to his wife.

[1] When the general rule relative to the affirmative charge is applied, we cannot say

<hr>

that the court erred in refusing the charges to defendant. The general rule is that the affirmative or general charge should never be given, when there is any evidence, however weak and inconclusive it may ·be, tending to make a case against the party who asks it.

[2] As before stated, the still, beer, and whisky were found upon the immediate premises of the defendant. He was accorded every opportunity to explain the presence of these contraband articles in his dwelling and smokehouse, and the undisputed fact that they were found on his premises, coupled with his explanation thereof, presented a question for the determination of the jury, and not a question of law for the court. This being true, it follows there was no error in refusing the general affirmative charge to defendant.

The record is free from error. Let the judgment appealed from stand affirmed.

Affirmed.