(96 South. 90)

## SUTTLE v. STATE. (2 Div. 271.)

(Court of Appeals of Alabama. April 10, 1923.)

**1. Names ⬳16(3)—Names "Arvary," "Alvary," and "Alberry" not idem sonans.**

The names "Arvary Fikes, alias Alvary Fikes," as used in a murder indictment, and the name "Alberry Fikes," as shown in the proof, are not idem sonans.

**2. Homicide ⬳268—Question as to name of deceased held for jury.**

Where an indictment for murder gave the name of deceased as Arvary Fikes, alias Alvary Fikes, and it was contended that the proof showed the name of defendant to be Alberry Fikes, but there was a conflict in the testimony, some evidence tending to show that the name was as averred in the indictment, the question was one for the jury, and a general charge on the ground of variance was properly refused.

**3. Homicide ⬳142(5)—That conflicting testimony making question for jury as to variance was brought out by defendant not available to him.**

The fact that a conflict in the testimony as to the name of deceased in prosecution for murder was brought out by defendant, and not by the state, a question for the jury being thereby produced, could not avail defendant in his claim of a variance between the indictment and proof; the jury being required to consider the whole evidence.

**4. Criminal law ⬳784(7)—Charge as to test of sufficiency of circumstantial evidence held improperly refused.**

In a prosecution for murder, a charge that the test of the sufficiency of circumstantial evidence is whether the circumstances as proven are capable of explanation upon any reasonable hypothesis consistent with defendant's innocence, and if they are capable of any such explanation defendant should be acquitted, was improperly refused.

**5. Criminal law ⬳811(4)—Requested charge held properly refused as singling out part of evidence.**

In a prosecution for murder, a charge that, if defendant tried to separate deceased and another, and was inside the restaurant during the time the shooting took place then defendant should be acquitted, held properly refused as singling out a part of the evidence.

**6. Criminal law ⬳811(4)—Instruction singling out part of evidence held properly refused.**

In a prosecution for murder, a charge that the jury should consider all the evidence, and not single out any part thereof, and that, if they believed that deceased told the truth when he said that a third person shot him, they should acquit, held properly refused as singling out part of the evidence.

**7. Criminal law ⬳811(4)—Instruction singling out part of evidence properly refused.**

In a prosecution for murder, a charge that, in determining whether defendant was a mere peacemaker in what he did, the jury should consider that defendant said "Stop fighting," held properly refused as singling out a part of the evidence.

**8. Homicide ⬳297—Instruction properly refused as being argumentative.**

In a prosecution for murder, a charge that, in determining whether defendant was a mere peacemaker, the jury should consider whether he said "Stop fighting," was properly refused as being argumentative.

**9. Criminal law ⬳763, 764(3, 4)—Charge asserting absence of evidence of specified facts properly refused.**

In a prosecution for murder, a charge that there was no evidence to show any conspiracy between defendant and third person to kill deceased was properly refused; no duty resting upon the court to give a charge asserting that there was no evidence of a specified fact or state of facts.

**10. Homicide ⬳287—Argumentative charge properly refused.**

In a prosecution for murder, a charge that it was competent for the state to prove motive, and for defendant to prove that he had no motive, and that, if a third person had a motive in shooting deceased, and defendant had no motive, the jury should determine which one did the shooting, held properly refused as being argumentative.

**11. Criminal law ⬳763, 764(7)—Instruction to acquit if evidence believed properly refused.**

In a prosecution for murder, a charge that, if the jury believed the evidence, they should acquit, was properly refused where the evidence was conflicting.

**12. Criminal law ⬳404(3, 4)—Pistols and clothing worn by deceased held properly admitted.**

In a prosecution for murder by shooting, it was not error to permit the state to introduce in evidence certain pistols and the clothing worn by deceased at the time of the killing.

**13. Criminal law ⬤⟹396(2)—Certain parts of deposition held properly excluded.**

In a prosecution for murder, it was not error to exclude the following sentences in a deposition by a convict in the state penitentiary: "F. started it;" "I started as soon as S. left me to go to Mr. F.'s store;" "and I thought I was killing him;" "Mr. F. told me Avery was shot and killed and for me not to leave;" "thought he kept running;" "I hope he will be acquitted for killing F."—being part of a conversation testified to by state's witnesses.

**14. Criminal law ⬤⟹396(2)—Statements in deposition constituting proper rebuttal in evidence held improperly excluded.**

In a prosecution for the murder of A. by S., it was error to exclude from a deposition the statements, "In presence of several white men S. said to me when he came into the restaurant, 'you ought to love me the balance of your life, for I saved your life,'" and "A. would have cut you to death if I had not pulled him off you;" such statements being part of a conversation testified to by state witnesses, and in rebuttal of their testimony, and in conflict with their testimony wherein they stated that defendant had said, "You need not worry about the other fellow; I fixed him."

**15. Witnesses ⬤⟹277(2) — Question as to whether defendant had been drinking on night of killing held too general.**

In a prosecution for murder. it was error for the solicitor on cross-examination of defendant to ask him whether he was "drinking that night," to which he answered that he had had a drink; the question being too general, and not confined to the time of the difficulty.

**16. Criminal law ⬤⟹364(2), 1170½(5)—Asking defendant in murder case whether he had been drinking held not reversible error, his condition being res gestæ.**

In a prosecution for murder that the solicitor was allowed on cross-examination of defendant to ask him whether he had been drinking on the night of the homicide, did not constitute reversible error in view of evidence that defendant at or about the time of the difficulty was more or less under the influence of liquor, his condition being a part of the res gestæ.

**17. Witnesses ⬤⟹329—Cross-examining defendant as to whether he had been drinking held proper to show accuracy of testimony.**

In prosecution for murder, it was not an abuse of discretion to permit the solicitor to ask defendant on cross-examination whether he had been drinking in order to test the accuracy of his memory and testimony.

Appeal from Circuit Court, Bibb County; S. F. Hobbs, Judge.

Henry Suttle was convicted of murder in the second degree, and he appeals. Reversed and remanded.

The following charges were requested by the defendant and refused by the trial court:

"(2) I charge you that, if you believe from all the evidence that the defendant, Henry Sut-tle, tried to separate Alvary Fikes and Luke Hartley, and was inside the restaurant at the time the shooting took place, then it will be your duty to acquit the defendant.

"(3) The test of the sufficiency of circumstantial evidence in a criminal case is whether the circumstances as proven are capable of explanation upon any reasonable hypothesis consistent with the defendant's innocence, and, if they are capable of any such explanation, then the defendant should be acquitted.

"(4) I charge you, gentlemen of the jury, that there is no evidence in this case to show any conspiracy between Henry Suttle and Luke Hartley to kill the deceased, Alvary Fikes.

"(5) I charge you that, if you believe the evidence in this case, you should acquit the defendant, Henry Suttle.

"(6) I charge you that it is your duty to consider all the evidence, and not to single out any part of the evidence to found a verdict upon it, and, under this rule of law, I charge you that, if you believe from the evidence that Alvary Fikes told the truth when he told Mr. Fair that Luke Hartley shot him, then it would be your duty to acquit the defendant.

"(7) I charge you, gentlemen of the jury, that, to determine whether or not the defendant was a mere peacemaker in what he did as shown by the evidence, it will be your duty to consider with all the other evidence that the defendant said "Stop fighting" in connection with what he did when the fight was going on between Alvary Fikes and Luke Hartley in the restaurant, and, if you find from all the evidence, and not singling out any part of the evidence, that Henry Suttle was only a peacemaker, then it will be your duty to acquit him.

"(8) I charge you that it is always competent for the state to prove that the defendant had a motive to commit the homicide of which he stands charged, and on the other hand it is equally competent for the defendant to prove that he had no motive to commit homicide, and, if you should believe from all the evidence, and without singling out any part of it, that Luke Hartley had a motive to shoot Alvary Fikes, and that Henry Suttle had no motive to shoot Fikes, then it would be your duty to determine which one did the shooting, and, if you should come to the conclusion from all the evidence that Henry Suttle did not shoot Alvary Fikes, then it would be your duty to acquit him.

"(9) I charge you that there is no evidence in the case of a conspiracy between Henry Suttle and Luke Hartley to kill Alvary Fikes."

Jerome T. Fuller and S. D. Logan, both of Centerville, for appellant.

In an indictment for murder the name of the person alleged to have been slain must be proved as alleged. Morningstar v. State, 52 Ala. 405; Johnson v. State, 59 Ala. 37; Shoults v. State, ante, p. 19, 94 South. 776; Felix v. State, 18 Ala. 720. Charge 5, requested by defendant, was a correct statement of the law, and its refusal was error. Bowen v. State, 140 Ala. 67, 37 South. 233; Pickens v. State, 115 Ala. 42, 22 South. 551.

⬤⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

There was a conflict in the evidence as to the name of the deceased, and the affirmative charge was therefore properly refused. Charge 3, requested by defendant, was covered in substance by other charges given. There is no duty resting upon the court to charge that there is no evidence on an issue. 4 Mich. Ala. Dig. 347. The scope within which witnesses may be cross-examined as to irrelevant matters to test the accuracy of their testimony is largely within the discretion of the trial court. Allsup v. State, 15 Ala. App. 121, 72·South. 599.

BRICKEN, P. J. This is the second appeal in this case. Suttle v. State, 18 Ala. App. 411, 92 South. 531.

Under an indictment charging the defendant with the offense of murder in the first degree he was convicted of murder in the second degree, and was duly sentenced to twenty years' imprisonment in the penitentiary. It is here insisted that there is a variance between the allegations in the indictment and the proof adduced upon this trial, in that the indictment gives the name of the deceased as "Arvary Fikes, alias Alvary Fikes," and it is contended that the proof shows the name of the deceased to be "Alberry Fikes."

[1-3] We are of the opinion that appellant's counsel are correct in their insistence that these names are not idem sonans; therefore, if the evidence was without conflict on the question involved, that is, the Christian name of deceased, and if it had been shown without dispute that his name was "Alberry," and not Arvary or Alvary, as the indictment avers, a material variance we think would have been shown; one possibly fatal in its effect. But there is a conflict in the testimony as to the name of deceased, there being some evidence which tended to show that his name was "Alvary," as averred in the indictment; notably the testimony, by deposition, of Luke Hartley, a witness for defendant. It therefore became a question for the jury, and the general charge requested in this connection was properly refused; the general rule being that the general or affirmative charge should never be given when there is any evidence, however weak and inconclusive it may be, tending to make a case against the party who asks it. Pellum v. State, 89 Ala. 28, 8 South. 83; 17 A. L. R. p. 929, note. The fact that this conflicting testimony was brought out by the defendant, and not by the state, cannot avail the defendant, as the jury is required in its deliberations to consider the whole evidence and to predicate its findings accordingly.

[4] Charge 3 refused to defendant has been approved by the Supreme Court in Bowen v. State, 140 Ala. 65, 37 South. 233, and Pickens v. State, 115 Ala. 42, 22 South. 551, and in said cases the refusal of this identical charge has been held error. We must so hold here, as the charge is not abstract, and it does not appear that the principles of law contained in this charge were substantially or fairly given to the jury in the court's general charge or in the charges given at the request of defendant. Charge 3 here is an exact copy of the fifth charge in Bowen's Case, supra, and, Mr. Justice Sharpe for the court, in discussing this charge, said:

"The test of the sufficiency of circumstantial evidence for conviction as laid down in the fifth charge is in substance the same as that which in Pickett v. State, 115 Ala. 42, 50, was affirmed to be correct. In the refusal of this charge there was error for which the judgment must be reversed."

And in Pickens Case, supra, Brickell, C. J., for the court, said:

"The test of the sufficiency of circumstantial evidence is, whether the circumstances as proved, produce a moral conviction to the exclusion of all reasonable doubt of the guilt of the accused—whether they are incapable of explanation upon any reasonable hypothesis consistent with his innocence. * * *"

And, further:

"The humane provision of the law is, that upon circumstantial evidence there should not be a conviction unless to a moral certainty, it excludes every other reasonable hypothesis than that of the guilt of the accused. No matter how strong may be the circumstances, if they can be reconciled with the theory that some other person may have done the act, then the guilt of the accused is not shown by that full measure of proof the law requires."

[5-8] Refused charges 2, 6, and 7 single out a part of the evidence, and were for this reason properly refused. Refused charge 7 was also argumentative.

[9] The court properly refused charges 4 and 9, for no duty rests upon the court to give a charge asserting that there is no evidence of a specified fact or state of facts. Thrasher v. State, 168 Ala. 130, 53 South. 256.

[10, 11] Charge 8 is argumentative. There was some conflict in the testimony; hence the refusal of charge 5 was proper.

[12] The court committed no error in allowing the state to introduce in evidence the pistols which had been testified to by several witnesses, and also the clothing identified as having been worn by the deceased at the time of the killing. 1 Mayfield's Dig. pp. 320 et seq.

[13, 14] The defendant offered in evidence the depositions of Luke Hartley, a convict confined in the state penitentiary, but upon motion of the state the court excluded certain portions of the deposition, to which action of the court defendant excepted. The

court properly excluded the following portions or sentences contained in said depositions, to wit: "Alvary Fikes started it." "I started as soon as Henry Suttle left me to go to Mr. Andrew Fair's store." "And I thought I was killing him." "Mr. Fair told me Avery was shot and killed, and for me not to leave." "Thought he kept running." "I hope he will be acquitted for killing Alvary Fikes." Each of the above sentences are clearly illegal and inadmissible. But we are of the opinion that the following two statements contained in the depositions of this witness should not have been excluded: "In presence of several white men Henry Suttle said to me when he came into the restaurant, 'You ought to love me the balance of your life, for I saved your life;'" and the further sentence, "Alvary would have cut you to death if I had not pulled him off you." The relevancy of these statements is apparent as being a part of a conversation testified to by the state witnesses. It was also in rebuttal of the testimony of these several state witnesses, and in conflict with their testimony, wherein they had stated that Henry Suttle had stated at this particular time, "You need not worry about the other fellow; I fixed him," coupling the statement with an oath, etc. These statements were not of the res gestæ, but were competent for the reasons above stated. Madry's Case, 201 Ala. 512, 78 South. 866.

[15-17] On cross-examination of the defendant, who testified in his own behalf, the solicitor propounded the following question: "Were you drinking that night?" and over the objection and exception of defendant he was required to answer, which he did by saying, "Yes, sir; I had had a drink." We think this question was objectionable for being too general, and should have been confined to the time of the difficulty. However, we would not predicate reversible error on this ruling, as several witnesses were permitted to testify without objection that the defendant at or about the time or immediately following the difficulty was more or less under the influence of liquor. The condition of the defendant at the time of the alleged commission of the offense is a part of the res gestæ; and, as aptly stated by the Attorney General, the solicitor had the right to have this question answered for the purpose of enabling the jury to determine whether the witness accurately remembered things as they occurred on the night of the homicide. Moreover, the scope of cross-examination of witnesses even as to irrelevant matters to test the accuracy of their testimony or show bias is a matter largely within the discretion of the trial court. Here no abuse of this discretion is shown.

This disposes of every question presented for our consideration on this appeal.

For the errors designated, the judgment of the circuit court is reversed, and the cause remanded.

Reversed and remanded.