(107 So. 225)

**HARRISON v. STATE.** (8 Div. 370.)

(Court of Appeals of Alabama.   Feb. 9, 1926.)

1. **Criminal law** ⛦753(1).

Trial court is without authority to direct a verdict where evidence presents a jury question.

2. **Rape** ⛦57(1).

In prosecution for carnal abuse of a girl under 16 years of age, question of defendant's guilt *held* for jury.

3. **Criminal law** ⛦369(8).

In prosecution for carnal abuse, testimony relative to improper conduct by defendant with other girls *held* inadmissible.

4. **Criminal law** ⛦1036(1)—**Reversal for admission of improper evidence unauthorized, where no objection interposed, and court's ruling not invoked.**

Reviewing tribunal was unauthorized to reverse conviction in prosecution for carnal abuse for admission of improper evidence, where no objection was interposed thereto, and no ruling of court was invoked.

5. **Criminal law** ⛦1028.

Jurisdiction of Court of Appeals in criminal cases is appellate only, and its review is limited to such matters upon which action or ruling at nisi prius was invoked or had.

6. **Criminal law** ⛦1159(2).

That conviction of defendant for carnal abuse was of doubtful propriety did not of itself authorize reversal by Court of Appeals; such matter being for consideration of state pardoning powers.

Appeal from Circuit Court, Lauderdale County; C. P. Almon, Judge.

Julius H. Harrison was convicted of an offense, and he appeals.   Affirmed.

M. T. Koonce, of Florence, for appellant. Harwell G. Davis, Atty. Gen., for the State.

No briefs reached the Reporter.

BRICKEN, P. J.   The appellant, defendant in the court below, was indicted, tried, and convicted of the offense of having carnal knowledge of a girl over 12 years of age and under 16 years of age.   He was duly sentenced to 7 years' imprisonment in the penitentiary.   From the judgment of conviction he appealed.

But one question is presented for the consideration of this court, and that is the action of the court below in refusing to defendant the general affirmative charge.   The court's ruling was not invoked otherwise during the progress of the trial of this case, nor was there a motion for a new trial.

[1, 2] The conviction of this appellant rested mainly upon the testimony of one Maude Roberson, the alleged injured party.   Her testimony, as shown by this record, was filled with apparent contradictions, uncertainties, and was more or less vague and inconsistent, but we must hold it was sufficient to present a jury question; therefore the trial court was without authority to direct the verdict.   Anderson v. State, 93 So. 279, 18 Ala. App. 585; Suttle v. State, 96 So. 90, 19 Ala. App. 198. In other words, some of the statements made by the girl in question while testifying tended to make a case against the defendant, and this, notwithstanding she appears to have been successfully impeached as not being worthy of belief, made the guilt or innocence of the defendant a question for the determination of the jury.   Pellum v. State, 8 So. 83, 89 Ala. 28.

[3-5] It clearly appears that the evidence against this defendant was allowed to take a wide and unusual course.   We note that state witness, Arbutus Talbot, was allowed to testify, both on direct and cross examination, relative to certain improper conduct with her (witness) by the defendant.   This inquiry was not relevant or admissible upon the trial of this case, but, as no objections were interposed to this highly damaging evidence, and as no ruling of the court was otherwise invoked, this court is without authority to reverse the judgment, as the jurisdiction of this court in respect of cases in the class of cases to which this belongs, is appellate only, and review here is limited to such matters upon which action or ruling at nisi prius was invoked or had.   Accordingly, where illegal and irrelevant evidence is adduced upon a trial, by and with the apparent consent of appellant, we are without authority to review it in the absence of proper objection and exception.

[6] If, as insisted, the conviction and sentence of this appellant is of very doubtful propriety, this may be a matter for the consideration of the pardoning powers of the state.   This court has no authority or jurisdiction other than as above stated.

No error appearing, we must perforce order that the judgment appealed from shall stand affirmed.   Such is the order and judgment of this court.

Affirmed.

---

⛦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes