(113 So. 316)

## PRUITT v. STATE. (7 Div. 290.)

Court of Appeals of Alabama. April 19, 1927.

Rehearing Denied May 10, 1927.

Longshore & Longshore, of Columbiana, for appellant.

Charlie C. McCall, Atty. Gen., and W. M. Rayburn, Asst. Atty. Gen., for the State.

BRICKEN, P. J. This appellant, defendant below, was indicted for distilling, making, or manufacturing alcoholic, spirituous, malted, or mixed liquors or beverages, a part of which was alcohol; also for the unlawful possession of a still to be used for that purpose. His trial resulted in a conviction for distilling, etc., and he was duly sentenced to an indeterminate term of imprisonment in the penitentiary. From the judgment of conviction, this appeal was taken.

The principal insistence of error is that the defendant was entitled to the affirmative charge on the distilling count of the indictment. This insistence is so clearly without merit no discussion of the point is necessary. Edwards v. State, 19 Ala. App. 129, 95 So. 560; Pellum v. State, 89 Ala. 28, 8 So. 83. The facts without dispute disclosed that, attached to the boiler in this defendant's sawmill, a still in full operation with whisky running from the worm was discovered by the raiding officers, and that the defendant, his brother, and another man were present at

the time, and the state witnesses testified, in substance, that at the time of the raid this defendant (appellant) was busily engaged about the still, etc.

There appears no error of an injurious nature in any of the court's rulings upon the trial of this case. To the contrary, it would be difficult to conceive of a more fair or impartial trial than was accorded this appellant in the court below. This is best evidenced by the court having given several highly favorable written charges at defendant's request, each of which, under the evidence, could have been properly refused.

The evidence adduced upon this trial presented a clear-cut issue of fact for the determination of the jury. It was ample upon which to base the verdict of guilt, and to sustain the judgment of conviction. Said judgment is affirmed.

Affirmed.