(117 So. 398)

## LOVE v. STATE. (6 Div. 327.)

Court of Appeals of Alabama. March 6, 1928.

Rehearing Denied March 20, 1928.

James J. Ray, of Jasper, for appellant.

Charlie C. McCall, Atty. Gen., for the State.
Brief did not reach the Reporter.

BRICKEN, P. J. ██ The motion for a new trial is not presented for the consideration of this court as no exception appears to have been reserved to the action of the court in overruling the motion. Such exception must be shown by the bill of exceptions. A statement in the judgment only, to that effect will not suffice. Martin v. State, 216 Ala. 160, 113 So. 602; Ex parte Grace, 213 Ala. 550, 105 So. 707.

██ The defendant was convicted under count 1 of the indictment which charged that he did distill, make, or manufacture alcoholic, spirituous, malted, or mixed liquors, a part of which was alcohol, contrary to law. This count of the indictment was sufficient, and the mere fact that it charged, in the alternative, "mixed liquors or beverages, a part of which was alcohol," does not render it otherwise. Lee v. State, 18 Ala. App. 566, 93 So. 59. See, also, Ex parte State in re Neely v. State, 207 Ala. 585, 93 So. 382. Evidence to sustain this averment was admissible.

. The evidence was in conflict and presented a jury question. It was ample to justify the jury in the verdict rendered and to support the judgment of conviction pronounced and entered. Charges 1 and 2 were affirmative in their nature; they were inapt in this case under the evidence, and the court properly refused to give these charges.

. ██ Refused charge 3 is not the law. Koch v. State, 115 Ala. 99, 22 So. 471; Boozer v. Jones, 169 Ala. 481, 53 So. 1018; Sherrill's Case, 195 Ala. 175, 70 So. 723; Gotcher v. State, 19 Ala. App. 269, 97 So. 111.

██ Able counsel for appellant appear earnest in the insistence that there was no evidence in this case to connect this appellant with the commission of the offense charged against him. The record does not bear out this insistence. The evidence shows, without dispute, that at the time of the arrest of appellant, he and one or two other men were at a still, which was in operation, filled with beer and fired up, and a five-gallon jug about two-thirds full of whisky, and three barrels of beer with about fifty gallons of beer in them. State witness Sheriff Kilgore testified:

"I know the defendant Lemmie Love. I saw him at the distillery. He and Mr. Hunter and another man, whom I didn't recognize, were there; * * * we watched them work for

a while. * * * Mr. Love [defendant] and Mr. Hunter were standing close to the distillery, drinking liquor out of a bottle. Mr. Love [defendant] then picked up some wood or pine and put it on the fire, after standing there a few minutes, Mr. Love [defendant] turned and walked about ten feet from the still and sat down. I saw him with a bottle in his hand, and they both took a drink out of the bottle. * * * The defendant had on his work clothes; he didn't have on a collar and tie."

On cross-examination of this witness, he stated:

"I do not know whether the still was on Lemmie Love's [defendant's] land or not, but I saw him pick up a piece of wood or pine and chunk it under the distillery."

State witness Bennett testified:

"We watched Mr. Love [defendant] and Mr. Hunter at the still. * * * They were working around there, but I couldn't tell what particular part they were doing. * * * They looked like they were going down to the branch and coming around, but I couldn't swear what they were doing from that point."

The above evidence, together with other more or less incriminating, refutes the insistence of appellant when applied under the rule which provides that the general charge should never be given when there is any evidence, however weak and inconclusive it may be, tending to make a case against the party who asks it. Pellum v. State, 89 Ala. 28, 8 So. 83. As stated, in this case there was evidence tending to show the guilty participation by the accused in the operation of the still. The fact that this evidence was strenuously denied by defendant resulted in a conflict and made a question for the jury.

The court's rulings upon the admission of evidence, to which exceptions were reserved, were without error. The evidence which provoked these rulings related to the res gestæ. It was also admissible upon another theory not necessary to discuss.

We find no error in this case. Judgment of conviction is affirmed.

Affirmed.