(115 So. 860)

## CROSBY v. STATE.   (3 Div. 567.)

Court of Appeals of Alabama.   March 20, 1928.

Hybart & Hare, of Monroeville, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

No briefs reached the Reporter. .

BRICKEN, P. J.   Under an indictment for murder in the second degree, the defendant was convicted of manslaughter in the first degree, and his punishment fixed at imprisonment in the penitentiary for 5 years.

The deceased named in the indictment was the 14 year old brother of defendant, and it is manifest from all the evidence that the killing of this boy was not intended by defendant.   The evidence shows this conclusively, and there is a total lack of any evidence even tending to show any ill will or other controversy between the two, and there is no semblance of evidence in this case tending to show any motive upon the part of defendant for killing his own brother.   The evidence shows that the defendant maintained and insisted all along that the unfortunate killing resulted from an accidental discharge of a gun which he had under his arm, and was starting out hunting with the dead boy and one Walter Fountain.

The state, however, insisted that, while the killing of the deceased named in the indictment was not intended by defendant, yet the killing resulted from an attempt by the defendant to kill his own wife, and that such attempt was wholly unjustified and unlawful.

■ The law is, when one person is killed, though the accused intended to kill another, the guilt of the slayer is the same as if he had killed the person intended.   In other words,

if one is killed by a misdirected blow aimed at another, the homicide is murder, involuntary manslaughter, or excusable, as the intent was felonious, unlawful, or justifiable.   Bob v. State, 29 Ala. 20.

■ We have carefully examined the evidence in this case, and hold that the court properly submitted the case to the jury, because of the fact there was some evidence (notably that of witness Walter Fountain) tending to make a case against the defendant. This holding is predicated upon the rule announced in Pellum v. State, 89 Ala. 28, 8 So. 83, to the effect that:

"The general charge should never be given when there is any evidence, however weak and inconclusive it may be, tending to make a case against the party who asks it."

The effect of this rule is simply to require that the case be submitted to the jury, where there is evidence tending to sustain the charge.   It in no manner changes the rule of evidence, the burden of proof, or the measure thereof.

The trial of this case proceeded throughout without reversible error.   It was fairly submitted to the jury.   We feel impelled to say, however, that the great preponderance of the evidence tends strongly to the conclusion that this unfortunate homicide was the result of accident and was not intentional.   Under the whole evidence, however, the case, as stated, was necessarily submitted to the jury under the rule above announced.   This rule of law divests this court of the authority to grant appellant the benefit of the conclusion reached and hereinabove announced.   If such relief is accorded, it must be by action of the pardoning powers of the state.

Finding no error of a reversible nature, we perforce must affirm the judgment of conviction, from which this appeal was taken.

Affirmed.