(116 So. 414)

### RAKESTRAW v. STATE. (7 Div. 438.)

Court of Appeals of Alabama. April 12, 1928.

Rehearing Denied May 8, 1928. Further Rehearing Denied June 5, 1928.

Frank B. Embry, of Pell City, for appellant.

Charlie C. McCall, Atty. Gen., for the State. Brief did not reach the Reporter.

BRICKEN, P. J. There was a general verdict of guilty rendered by the jury who tried this appellant upon an indictment containing two counts. These counts were in the usual form and charged distilling, etc., prohibited liquors, and the unlawful possession of a still to be used for that purpose.

It is insisted by the appellant that the evidence was insufficient to sustain the verdict and that the court erred in refusing the general affirmative charge requested. Under the rule, where there is any evidence tending to make a case against a party who asks the affirmative charge, the charge cannot be given even though said evidence may be weak and inconclusive. Harrison v. State, 21 Ala. App. 260, 107 So. 225; Suttle v. State, 19 Ala. App. 198, 96 So. 90; Lee v. State, 18 Ala. App. 566, 93 So. 59. The rule above announced in no manner alters or changes the burden or measure of proof announced in practically every criminal case. The effect of the rule is simply to refer to the jury matters concerning which

.there is conflict in the evidence. This rule, under the conflicting evidence in this case, rendered the affirmative charge unavailable to defendant. The trial court was without authority to give said charge, as the evidence presented a question of fact for the jury.

■■ There was no abuse of discretion of the court in overruling defendant's challenge of Jurors Stewart and Montgomery. No legal grounds for such action were apparent. This applies also to the action of the court in denying the motion to continue the case on the grounds insisted upon.

The remaining exceptions to the court's rulings are so clearly free from injurious error they need no discussion.

The facts of this case made the question of the guilt or innocence of the accused for the jury. The jury decided adversely to defendant, and our opinion is the evidence was ample to justify them in so doing. The whole case was fairly submitted to the jury without error. Let the judgment of conviction, therefore, stand affirmed.

Affirmed.