(127 So. 795)

## HANNAH v. STATE.
### 8 Div. 11.

Court of Appeals of Alabama.
March 4, 1930.

Rehearing Denied March 25, 1930.

Jas. C. Roberts, of Florence, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

BRICKEN, P. J.

The trial of this case in the court below involved a question of fact only, to wit, was this appellant in possession of the contraband still at which he and a companion, one Carrol Sharp, were arrested by the sheriff and other officers?

The corpus delicti was sufficiently proven by the undisputed evidence as to the charge of possession contained in the second count of the indictment. There was no evidence to sustain count 1, and the court properly so held by charging the jury that no conviction could be had on count 1; this, upon the written request of the defendant.

We gather from the evidence that a still was located in an isolated place in the hills some three-fourths of a mile from this appellant's home by the officers who secreted themselves near by, and after thus waiting for some thirty to forty-five minutes the two accused men were seen by them going toward the still each with a stick or pole of oak wood upon their shoulders. That they went directly to the still, put the wood down, and a rain came up, whereupon the men protected themselves from the rain by defendant Sharp backing up under the roofing which covered one of the barrels containing mash or beer; and by defendant Hannah getting a piece of said roofing and pulled it down over his head and stood there until the rain was over, whereupon they came out from their shelter, and the sheriff, who was hidden within thirty feet of the still, testified he heard them talking, and that this appellant "got up and pulled the roofing off from him and said it is going to rain what do you think about firing up, do you think it is going to rain? And Sharp (the other defendant) replied he didn't know and I raised up and said we are going to fire up now and they both immediately ran away but were both caught by other officers who were also hidden near by. When they were brought back to the still the sheriff asked this appellant where is the ax we can be tearing this thing up and he (Hannah) said right out there, and I sent Creasy, an officer, with him and they got it."

■■ We are of the opinion that these facts and others of like import are sufficiently incriminating to require a submission of the case to the jury, and that the prevailing rule as to the affirmative charge rendered such charge inapt. This rule often stated is: "The affirmative charge cannot be given when the evidence affords inference adverse to the party requesting the charge." Stated otherwise: "The general charge should never be given when there is any evidence, however weak and inconclusive it may be, tending to make a

case against the party who asks it." Pellum v. State, 89 Ala. 28, 8 So. 83, 84; Lee v. State, 18 Ala. App. 566, 93 So. 59; Anderson v. State, 18 Ala. App. 587, 93 So. 279; Bean v. State, 19 Ala. App. 58, 94 So. 781; Suttle v. State, 19 Ala. App. 198, 96 So. 90; Brisendine v. State, 19 Ala. App. 356, 97 So. 254; Harrison v. State, 21 Ala. App. 260, 107 So. 225.

This appellant was accorded full opportunity to explain his presence at the still, and in this connection he testified he was hunting his bull; that the wood he and his companion carried to the still was for the purpose of crossing a nearby branch or creek. He denied making the statement about firing up the still as testified to by Sheriff Stutts. He also denied any interest in the still and insisted he was not in possession thereof. This conflicting evidence, as stated, presented jury questions, and the trial court was without authority to direct a verdict for appellant as he here insists.

The several exceptions reserved to the court's rulings upon the trial fail to disclose prejudicial error. We discover nothing in any of the rulings complained of which tended to divert the jury from a fair, full, and unbiased verdict upon the conflicting facts adduced upon the trial.

The record appears regular in all things. No prejudicial error appears; it is therefore ordered that the judgment of conviction from which this appeal was taken be affirmed.

Affirmed.