(128 So. 126)

## BUFFORD v. STATE.

### 5 Div. 778.

Court of Appeals of Alabama.
April 22, 1930.

Samford & Samford and Jacob A. Walker, all of Opelika, and Richard H. Cocke, of Alexander City, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

BRICKEN, P. J.

From a judgment of conviction for manslaughter in the first degree and sentence to imprisonment in the penitentiary for the term of one year and one day, this appeal was taken.

■ Defendant demurred to the indictment as follows: "(1) The indictment charges that the defendant killed the deceased with a gun, or pistol, without alleging with which weapon. (2) The indictment does not allege with sufficient particularity with what weapon the defendant killed the deceased. (3) The indictment alleges in the disjunctive the weapon with which the defendant killed the deceased."

Mere reference to the statute, and to the form of indictment in the Code 1923, is a full answer to the insistence of appellant in this connection. Sections 4544 and 4556, form 76, of the Code 1923. The demurrers were properly overruled.

The deceased named in the indictment, Luther Bufford, was the son of the accused, and the evidence without dispute disclosed that he came to his death as a result of certain bullet wounds upon his person.

The evidence in this case was circumstantial, and upon the trial there was no evidence showing, or tending to show any motive upon the part of the accused to take the life of his own son. To the contrary, it was disclosed without dispute that the relations of this father and son were cordial, affectionate, and normal.

■ In homicide cases, the question of motive is not indispensable to a conviction, nor is it an element of the burden of proof resting on the prosecution; but it is always a legitimate subject of inquiry on the trial of one charged with crime, and, though the evidence tending to show motive is weak and inconclusive, nevertheless it is admissible. Motive is an inferential fact to be drawn by the jury from the evidence, and must be proved as a fact, not as hearsay. Likewise it is permissible for the defense to offer proof of facts showing or tending to show that no motive for the commission of the offense complained of existed.

Numerous exceptions were reserved to the court's rulings upon the admission of evidence, and each of them will have our consideration as the law requires. We note, however, that the refusal by the court to give the affirmative charge for defendant, as well as the refusal of certain other written charges, also the overruling of the motion for new trial, are relied upon principally for a reversal of the judgment of conviction.

■ The prevailing rule as to the refusal of an affirmative charge justified the trial court in declining to direct a verdict for defendant in this case, and rendered the refusal of this charge without error. The rule is, the general or affirmative charge should never be given when there is any evidence, however weak and inconclusive it may be, tending to make a case against the party who asks it. Pellum v. State, 89 Ala. 28, 32, 8 So. 83; Lee v. State, 18 Ala. App. 566, 93 So. 59; Anderson v. State, 18 Ala. App. 585, 93 So. 279; Suttle v. State, 19 Ala. App. 198, 96 So. 90; Harrison v. State, 21 Ala. App. 260, 107 So. 225.

■ The numerous charges refused to defendant on the question of character appear to properly state the law; yet in this case these charges are not in point, there being no evidence as to the good character of defendant adduced upon this trial. Each of these charges was therefore abstract. In the absence of all evidence as to character, there is no presumption of law on that question. The court properly refused each of the charges upon this question.

The oral charge of the court was clear and explicit, and to the extent of the charge was well expressed. But we find in the record numerous special written charges, refused to defendant, which should have been given and to which he was entitled.

■ Refused charge 10 should have been given. Gilbert v. State, 20 Ala. App. 565, 104 So. 45; Elmore v. State, 92 Ala. 51, 9 So. 600.

■ Charge 11 properly stated the law. This charge has been fully approved in the cases of Olden v. State, 176 Ala. 6, 58 So. 307; Bailey v. State, 168 Ala. 4, 53 So. 296, 390.

■ Under authority of Gainey v. State, 141 Ala. 73, 37 So. 355, and cases cited, charge numbered 13, refused to defendant, should have been given.

524

Refused charge 33 states correct propositions of law applicable to this case. The defendant was entitled to this instruction. Veasey v. State, 20 Ala. App. 478, 103 So. 67; Brown v. State, 118 Ala. 111, 23 So. 81.

It was error also to refuse charge 36. Davis v. State, 8 Ala. App. 147, 162, 62 So. 1027; Salm v. State, 89 Ala. 56, 8 So. 66; Gilmore v. State, 99 Ala. 154, 13 So. 536; McCoy v. State, 170 Ala. 10, 54 So. 428; Bailey v. State, 168 Ala. 4, 53 So. 296, 390; Rosenberg v. State, 5 Ala. App. 196, 59 So. 366, 367.

Numerous other charges properly stating the law were refused. Many of these charges could well have been given, as they were not fairly and substantially covered by the oral charge of the court or by given charges.

We are of the opinion that the court should have granted defendant's motion for a new trial.

Reversed and remanded.