(130 So. 161)

## STUTTS v. STATE.
### 8 Div. 68.

Court of Appeals of Alabama.
June 24, 1930.

Rehearing Denied Oct. 7, 1930.

Jas. C. Roberts, of Florence, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

BRICKEN, P. J.

From a judgment of conviction for unlawfully possessing a still to be used for the purpose of manufacturing alcoholic, spirituous, or malt liquors, a part of which was alcohol, this appeal was taken.

The principal insistence of error is based upon the insufficiency of the evidence to sustain the conviction. Appellant earnestly insists that the state failed to meet the burden of proof resting upon it. In this connection this court en banc has read the entire record and likewise have considered its purport. The court has reached the conclusion that the affirmative charge was properly refused and under the evidence the question of the guilt or innocence of the accused was for the jury. Suttle v. State, 19 Ala. App. 200, 96 So. 90.

By the undisputed evidence the corpus delicti was clearly established. The state's witnesses testified they found a complete still in the loft of an old building, outhouse, or barn on the premises which this appellant and one Wallace had rented and were in possession of, and that the barn (house described) was about 50 or 75 yards from the dwelling house of this appellant; that in his absence they destroyed the still; that they went back out there on the afternoon of the same day, and defendant (appellant) was at home and came down where the officers were, and the sheriff asked him if said house or barn was on his place and he said it was; whereupon the sheriff said we got a still out there this afternoon, and defendant replied, "Yes, I had missed it." The defendant testified the old house where the still was found was 300 steps from his dwelling; he also denied stating to the sheriff "I had missed it," and strenuously denied all knowledge of the still being in the house and all connection therewith. From this conflicting evidence this court reached the conclusion, as stated, that a jury question was presented.

The two exceptions reserved to the court's rulings upon the admission of evidence are without merit. They need no discussion.

No error appearing, the judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.