(133 So. 746)

BARNES et al. v. STATE.

3 Div. 667.

Court of Appeals of Alabama.
April 7, 1931.

Hybart & Dickey, of Evergreen, for appellants.

Thos. E. Knight, Jr., Atty. Gen., for the State.

BRICKEN, P. J.

The two appellants were jointly indicted, and jointly tried for the offenses (first count) of distilling, making, or manufacturing alcoholic, spirituous, malted, or mixed liquors or beverages, a part of which was alcohol; and (second count) the unlawful possession of a still, etc., to be used for the purpose of manufacturing prohibited liquors or beverages contrary to law. The foregoing indictment was returned by the grand jury and filed in open court on November 7, 1923. The trial aforesaid was had and judgment rendered on May 15, 1930, or about seven years after the date of filing of the indictment in court. The trial resulted in a verdict by the jury of "We, the jury find the defendants John D. Barnes and Will Daw guilty of an attempt to manufacture whiskey, and fix a fine of $10.00 each." A verdict of this character is authorized by section 3307 of the Code of 1923. See, also, the case of Corkran v. State, 203 Ala. 513, 84 So. 743.

The points of decision, relied upon for a reversal of the judgment of conviction, is the refusal of the affirmative charge requested in writing as to each of the defendants, and also the ruling of the court in denying a motion for a new trial.

There was some evidence offered by the state tending to make out a case against each of the defendants for attempting to manufacture prohibited liquors. The evidence on this question, however, was in sharp conflict, as the defendants and their witnesses denied their guilt and disputed practically all of the material evidence given by the state witnesses. The court properly refused the affirmative charge. The conflict in the evidence made a jury question, and, where this is true, the court cannot properly direct the verdict. The rule is, when there is any evidence whatever, however weak and inconclusive it may be, directly tending to show the defendants' guilt, its sufficiency should be submitted to the jury, and a general charge in defendants' favor is properly refused. Pellum v. State, 89 Ala. 28, 8 So. 83; Lee v. State, 18 Ala. App. 566, 93 So. 59; Anderson v. State, 18 Ala. App. 585, 93 So. 279; Suttle v. State, 19 Ala. App. 198, 96 So. 90; Brisendine v. State, 19 Ala. App. 356, 97 So. 254; Harrison v. State, 21 Ala. App. 260, 107 So. 225.

The motion for new trial presented no questions other than those raised by the refusal of the affirmative charge. The court, in overruling this motion, merely held in effect that the evidence presented a jury question. From what has been said, there was no error in this connection.

As to the judgment of conviction, we find no error in any ruling of the court; hence said judgment is affirmed.

It appears from the judgment that the defendants failed to pay the fine assessed by the jury, or to confess judgment therefor, and the court properly sentenced the defend-

---

[1] Ante, p. 237.

ants to serve at hard labor for the county for ten days to pay the fine. Section 5290, Code 1923. The judgment of conviction carried with it, in addition to the fine, the costs which accrued on the trial of this case, and, the defendants having failed to pay the costs, or confess judgment therefor, the court attempted to sentence them to hard labor, but the judgment as it appears in the record is faulty in this connection, as it failed to show that the court determined the time required to work out the costs at the rate of 75 cents per day. This the law requires. The judgment as entered shows that "the said defendants, John D. Barnes and Will Daw, each, are sentenced to hard labor for Conecuh County for ten (10) days to satisfy the fine, and an additional period of ——— days at 75 cents per day to pay the costs." This will not suffice, as the governing statute, section 5291 of the Code of 1923, expressly provides the court must determine the time required to work out the costs at the rate of 75 cents per day. This is the only error contained in the record, but, as it relates only to the sentence, the judgment of conviction of the appellants will not be disturbed. The cause is remanded for proper sentence only.

Judgment of conviction affirmed; remanded for proper sentence.

Affirmed; remanded for proper sentence.