(135 So. 652)

## GRIMES v. STATE.
### 4 Div. 699.

Court of Appeals of Alabama.
June 23, 1931.

J. C. Yarbrough, of Enterprise, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

BRICKEN, P. J.

This appellant was indicted, tried, and convicted for the offense of violating the prohibition law (Code 1923, § 4615 et seq., as amended) by having in his possession about fifteen gallons of rum or whisky. From the judgment of conviction in the circuit court this appeal was taken.

The appeal here is rested upon one point of decision only—the refusal of the court to give at the instance of the defendant the affirmative charge requested in writing. The action of the court in refusing said charge raises the question of the sufficiency of the evidence to sustain the conviction.

The entire evidence as shown by the bill of exceptions has been read and considered. It was in sharp conflict. Some of the evidence tended directly to show that this appellant, with others, drove up to the home of one Will Grimes, where this appellant also lived, in a car, on the morning in question, and that this appellant was at the time driving, and in said car there were one ten-gallon keg of rum, and also one five-gallon jug full of rum. That this appellant lifted the said containers out of the car and with the help of others carried them down to a branch within about one hundred yards of the house and buried the liquor in the ground, where the officers found it some time thereafter that morning.

The defendant strenuously denied all of the foregoing testimony and offered several witnesses whose evidence tended to corroborate him.

From all this, it can clearly be seen a jury question was presented, and that under the evidence the trial court was without authority to direct a verdict. The refusal of the affirmative charge was without error.

The law is to the effect that the general charge should never be given when there is any evidence, however weak and inconclusive it may be, tending to make a case against the party who asks it. Pellum v. State, 89 Ala. 28, 8 So. 83; Lee v. State, 18 Ala. App. 567, 93 So. 59; Anderson v. State, 18 Ala. App. 587, 93 So. 279; Bean v. State, 19 Ala. App. 58, 94 So. 781; Edwards v. State, 19 Ala. App. 129, 95 So. 560; Suttle v. State, 19 Ala. App. 198, 96 So. 90; Brisendine v. State, 19 Ala. App. 356, 97 So. 254; Harrison v. State, 21 Ala. App. 260, 107 So. 225; Pruitt v. State, 22 Ala. App. 100, 113 So. 316; James v. State, 22 Ala. App. 183, 113 So. 648; Crosby v. State, 22 Ala. App. 392, 115 So. 860; Love v. State, 22 Ala. App. 392, 117 So. 398; Windham's Case, 22 Ala. App. 407, 116 So. 900; Carr v. State, 22 Ala. App. 415, 116 So. 903; Bearden's Case, 22 Ala. App. 545, 117 So. 603; Hannah v. State, 23 Ala. App. 487, 127 So. 795; Bufford v. State, 23 Ala. App. 521, 128 So. 126.

The record is regular and without error. Let the judgment of conviction from which this appeal was taken stand affirmed.

Affirmed.