141 So. 258

## MASSEY et al. v. STATE.

## 6 Div. 39.

Court of Appeals of Alabama.

Jan. 12, 1932.

Rehearing Denied Feb. 2, 1932.

[redacted]

[redacted]

[redacted]

Thos. E. Knight, Jr., Atty. Gen., for the State.

No briefs reached the Reporter.

**18**

BRICKEN, P. J.

The two appellants were jointly tried in the circuit court, on appeal from the county court, for the offense of violating the prohibition laws of the state by having several barrels or kegs of whisky in their possession. They were convicted as charged in the circuit court; both took an appeal to this court from the judgments of conviction pronounced and entered.

█ The refusal of the affirmative charge to each of the appellants presents the only material question upon this appeal. In the refusal by the court to give said charges, there was no error as the evidence was in sharp conflict, presenting thereby a jury question and thus rendered said charge inapt. Grimes v. State, 24 Ala. App. 378, 135 So. 652.

█ The several witnesses for the state, officers of the law, testified that at the time and place in question they found several kegs hidden in the bushes, said kegs contained 65 or 70 gallons of whisky; that they secreted themselves nearby, and, after waiting for some time, they heard an automobile drive up and stop some distance away, and within a very short time thereafter these two appellants came from that direction right up to the place where the whisky was hidden; that they heard a conversation between the two men when they reached the whisky, and, over the objection of defendants, the court allowed the state to give evidence of said conversation. In this connection the state's witnesses testified that: "Alexander and Massey came up to within a foot of where the whisky was hidden in the woods, and appellant Alexander walked up to the kegs and counted them, one, two, three, four, five, six, seven, and he said 'No, they are all here.' Then Alexander says, 'They didn't get one of it,' and the other fellow says, 'They must have been mistaken about that' and Massey says, 'No by God he said he saw them, we will go back out and come back across the hill' and about that time they looked up and saw us hid in the bushes and they said 'There they are now, give me that gun.' Massey had a gun in his hand, a pistol. Alexander started towards us and we began getting up and Alexander says, 'I'll swear, if it aint Leonard,' and Massey began running and I ran after him about 75 yards, caught him." They also testified that, when Alexander was arrested there, he had distillery slop on his clothes. There was other evidence incriminating in its nature.

The defendants both admitted they went to where the whisky was hidden, and that Alexander counted only five kegs. They testified they happened upon the hidden whisky accidentally, and were permitted by the court to fully explain their presence, where they had been, and where they were going. Both

of them strenuously denied all connection with the whisky; also that they had any interest in it.

From the foregoing, as stated, it is our opinion a jury question was presented, and, under this evidence and other of like import, the trial court was without authority to direct a verdict in their behalf. Grimes' Case, supra.

█ The few exceptions to the rulings of the court upon the admission of evidence can avail these appellants nothing. The evidence in question related to the locus in quo, and in no way prejudiced the substantial rights of the accused.

We are of the opinion these appellants were accorded a fair and impartial trial such as the law provides and contemplates. There being no reversible error in any of the court's rulings, the two judgments of conviction from which this appeal was taken will stand affirmed.

Affirmed.