148 So. 861

## HOUSTON v. STATE.

### 4 Div. 898.

Court of Appeals of Alabama.

Nov. 29, 1932.

Rehearing Denied April 18, 1933.

Chauncey Sparks, of Eufaula, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Thos. Seay Lawson, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

Count 2 of the indictment, upon which the conviction of this appellant was rested, charged him with the unlawful possession of a still, etc., to be used for the purpose of manufacturing or distilling prohibited liquors or beverages, etc. Upon the trial in the court below the accused interposed a plea of not guilty and in support thereof testified that he was not at the still at the time testified to by the several state witnesses, he denied that he had possession of the still and also all connection with or knowledge thereof. The testimony of the state, by its several witnesses, tended to show that this appellant, a white man, accompanied by three negro men, came to the still in question which they had been watching for several hours, shortly after "sun up," that when he came he had an axe on his shoulder and went at once to the still and cleaned out from under it with a stick or an axe handle. They testified that at that time he was within about twenty feet of the hidden officers (state witnesses) and at a signal from one of the negroes to "run," this appellant and all of the negroes ran from the still and escaped, and that it was some days afterwards before this appellant was arrested. The evidence of some of the state's witnesses was positive as to the iden-

tity of this appellant as being the white man at the still and as the one cleaning out from under the still. This conflict in the testimony presented a jury question and there is no phase of this case which entitled the defendant to the affirmative charge as is so strenuously insisted by appellant. Grimes v. State, 24 Ala. App. 378, 135 So. 652. The testimony tending to show the presence of defendant at the still in the early hours of the morning, his activity about and in connection with the still, his flight therefrom, was ample to submit the question of his alleged possession of the still to the jury. Elmore v. State, 21 Ala. App. 410, 109 So. 114.

■ The rulings of the court upon the admission of evidence, to which exceptions were reserved, were so clearly free from error no discussion in this connection is necessary. The testimony of Oscar Wilson as to the manner in which the defendant walked around the still was in direct rebuttal. Moreover, it was within the discretion of the court to allow this witness to testify at that period of the trial. There was no error in permitting this witness to testify that the defendant walked around the still like a cripple. The accused had testified that he was a cripple and had exhibited his crippled condition to the jury.

Refused charge 14 was fairly and substantially covered by the oral charge and also by special charges given at the instance of defendant.

The grounds for the motion for a new trial were mere repetitions of points of decision raised upon the main trial, all of which have been discussed. The motion was properly overruled.

No error appearing, the judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.

### On Rehearing.

■ The application for rehearing in this case is confined principally to the one insistence presented by counsel for appellant to the effect that the provisions of section 9509 of the Code 1923, applies only to civil cases and not to criminal cases. In other words, it is insisted that the following quoted provision of said section does not apply in criminal cases, to wit: "The refusal of a charge, though a correct statement of the law, shall not be cause for a reversal on appeal if it appears that the same rule of law was substantially and fairly given to the jury in the court's general charge or in charges given at the request of parties."

As a complete answer to the foregoing contention mere reference to Vol. 8, Alabama and Southern Digest (1809 to date), Criminal Law, ⊂⇒829(1), pages 513, 514, 515, 516, 517, 518, 519, 520, 521, and 522, wherein will be found several thousand decisions of the appellate courts of this state holding directly to the contrary.

Application for rehearing overruled.