146 So. 424

## JAMES v. STATE.

### 8 Div. 633.

Court of Appeals of Alabama.

Feb. 21, 1933.

Thos. E. Knight, Jr., Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

BRICKEN; Presiding Judge.

The judgment of conviction from which this appeal was taken was rendered against appellant in the Lauderdale county law and equity court, where appellant was tried upon a complaint filed by the solicitor. The complaint charged that he did while intoxicated operate a motor vehicle upon a public highway contrary to law, etc. No objection by demurrer or otherwise was interposed to the complaint; the accused interposed his plea of not guilty, and upon the issue thus formulated the case was tried resulting in a conviction and sentence to hard labor.

Several questions are presented on this appeal, but the one controlling is the insistence that the state failed to meet the burden of proof necessary to a conviction, and that the evidence was therefore insufficient to sustain the verdict of the jury and to support the judgment of conviction pronounced and entered. This question is presented by the exception reserved to the ruling of the court in declining to exclude the evidence upon motion of defendant at the close of the state's case, and also by the refusal of the general affirmative charge requested in his behalf.

There was clearly no error in the ruling of the court in this connection. The law is, as has many times been declared, that the general charge should never be given when there is any evidence, however weak and inconclusive it may be, tending to make a case against the party who asks it. Grimes v. State, 24 Ala. App. 378, 135 So. 652; and cases therein collated. This rule of law does not in any manner alter or change the measure of proof necessary to a conviction in a criminal case to the effect that the guilt of the accused must be proven by the evidence beyond all reasonable doubt and to a moral certainty. The rule first announced herein simply makes it a question for the jury where there is evidence of guilt, and where there is a conflict in the evidence.

In this case the evidence was undisputed and therefore without conflict; the defendant having offered no testimony in his own behalf. We have examined the evidence. It discloses, among other things, that upon the occasion complained of, this appellant and another person were riding in an automobile being driven by appellant who at the time had his head and one foot and leg sticking out of the side of the car, and the car was zigzagging from one side of the road to the other, that it ran into and knocked unconscious one Smith, a state witness, and that appellant, after the car had traveled on some distance, and landed into ditch, got out of the car and staggered into a wire fence, etc.; that the companion of appellant was too drunk to get out of the car. There was also evidence that this appellant "appeared to be intoxicated." The evidence also showed that while appellant was driving the car along the highway one of the wheels was without a tire, and he was driving on the rim of the wheel. The foregoing facts as shown by the undisputed evidence was ample, in our opinion, to take the case to the jury. Appellant complains that the state failed to show the appellant had taken any whisky. This was not necessary, and to declare such to be the rule would exact too high a degree of proof by the state resulting, no doubt, in many instances the doing of the impossible. Facts and circumstances surrounding and attending the alleged commission of the offense may be given in evidence, and from this it is for the jury to determine, under instructions from the court, if the charge has been sustained. The exceptions reserved to the court's rulings upon the admission of evidence are not well taken. The matters thus involved were of the res gestæ and as such were admissible.

No error appears in connection with the refusal of several written charges. Some of these refused charges were mere arguments; others were involved and elliptical. The re-

fused charges which stated correct propositions of law applicable to the case were fairly and substantially covered in the oral charge of the court.

■ The argument of the solicitor, to which objection was interposed, was entirely legitimate and within the record. This argument had reference to undisputed facts adduced upon the trial, some of which facts also related to the res gestæ.

The motion for a new trial was refused without error.

We find no reversible error upon the trial of this case in the court below. The record is also regular and without error. It is ordered, therefore, that the judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.