157 So. 234

## HALLMARK v. STATE.
### 6 Div. 602.

Court of Appeals of Alabama.
May 15, 1934.

Rehearing Denied June 5, 1934.

R. F. Peters, of Fayette, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The conviction of this appellant, in the lower court, was under the second count of the indictment, which charged him with the unlawful possession of a still to be used for the purpose of manufacturing prohibited liquors or beverages. The indictment was in proper form and substance containing two counts. The conviction of appellant upon the second count operated as an acquittal of the charge contained in the first count.

Upon the trial of this case the corpus delicti, as to both charges in the indictment, was fully proven by the undisputed testimony adduced upon the trial.

The only exception reserved to the court's rulings upon the admission of evidence contains no merit. Defendant's counsel upon cross-examination of Sheriff McConnell, who had testified, among other things, that "he saw one Cochran take the cap off the still and hand it to this appellant who took it and laid it upon the ground," propounded the following questions:

"Q. When the other man who was operating the still handed it to him, he laid it down? A. Yes sir.

"Q. That is all you saw this defendant do? Ans. I could see him busy about the still."

Thereupon appellant's counsel objected to the answer of the witness, which objection was, as stated, properly overruled.

The remaining point of decision is the sufficiency of the evidence to sustain the conviction of this appellant, which was raised by the refusal of the court to give at his request the general affirmative charge, and in overruling defendant's motion for a new trial based principally upon the same grounds.

The evidence in this case was in conflict and presented a jury question. This being true, the court was without authority to direct a verdict. Grimes v. State, 24 Ala. App. 378, 135 So. 652. For like reason there was no error in overruling defendant's motion for a new trial.

No error appearing in any of the court's rulings, and the record being regular in all things, the judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.